[No. 37918. En Banc. November 18, 1965.]

MILO A. STOEN et al., Respondents, v. FRENCH SLOUGH
FLOOD CONTROL DISTRICT, Appellant.*

Julian C. Dewell (of Anderson & Hunter), for appellant.

Lycette, Diamond & Sylvester and Lyle L. Iversen, for
respondents.

OTT, J.—June 19, 1961, French Slough Flood Control Dis-
trict, a Washington municipal corporation (hereinafter re-
ferred to as the district), issued a call for bids for the
construction of a floodway channel and dike, which in-
cluded clearing, grubbing, channel excavation, compaction,
semi-compaction, and rock rip-rap type of fill work. The
project was financed entirely with funds supplied by the
United States Department of Agriculture. No district funds,
as distinguished from the federal grant, were available.
The specifications in the call for bids and the signed con-
tract (General Provisions, § 39) provided that the "contract
unit prices include all applicable Federal, State and Local
taxes." Since the construction required that the contractor
furnish labor and equipment, the only applicable state tax

*Reported in 407 P.2d 963.

was the sales tax, which the contractor is required by law to collect from the owner or consumer.

Milo A. Stoen and Glen J. Stoen, doing business as Stoen Construction Co., a partnership (hereinafter referred to as the construction company), were the low bidders, and contract No. FS-FCD-1 was entered into on July 20, 1961, for a total unit price of $182,049.85. Subsequent modifications and revisions reduced the total final contract price to $177,650.05.

September 8, 1961, the construction company submitted its first progress statement for work then completed, as follows:

Total amount earned during period of August 8, 1961 to August 31, 1961 (inclusive) .......................... $54,068.00
    (This is itemized and shown on "Contract Payment Estimate", SCS-49a, estimate #1, attached).
Less 15% being withheld by the Soil Conservation Service, U.S.D.A. ........................................ 8,110.20

                                                 $45,957.80

Under contract FS-FCD-1, the unit price and extensions of bid do include 4% state sales tax. Therefore, payment does include the tax which is to be paid by the contractor.
    Amount for construction.................. $44,190.19
    Amount for 4% tax....................... 1,767.61

    Total Due at This Time.................. $45,957.80

Vouchers from the district to the construction company for progress payments, plus the 4 per cent sales tax collected by the construction company from the district upon the work thus far completed, were endorsed and cashed by the construction company. Nine such progress payment vouchers were received and cashed by the construction company, which acknowledged receiving the 4 per cent sales tax from the district in the following amounts:

September 8, 1961 ........................... $1,767.61
October 4, 1961 ............................. 1,378.74
October 31, 1961 ........................... 781.37
July 6, 1962 ................................ 373.94
August 13, 1962 ............................ 424.46
September 10, 1962 ......................... 210.77
October 10, 1962 ........................... 441.78

December 14, 1962 ........................... 416.47
December 14, 1962 ........................... 987.56

Total sales tax collected...................... $6,782.70

In accordance with the terms of the contract, no work was performed from approximately October 1, 1961, to May 31, 1962.

When the contract was nearly performed, the district received the following letter, dated October 19, 1962, from the attorneys for the construction company:

> We are writing to you as attorneys for Stoen Construction Company, with reference to the above project [Contract No. FS-FCD-1]. It has just come to the attention of Stoen Construction Company that you have been deducting state sales tax from their progress estimates.
>
> We have reviewed this matter with Mr. Milo Stoen of the Stoen Construction Company and have advised him that there is no justification for the deduction of the sales tax from their progress payments.
>
> At the time this work was bid there was nothing included for state sales tax and of course under state law the sales tax must be paid by the consumer and cannot be assumed by the contractor or vendor. We have noted that there is a provision in the specifications that the contractor assumes all applicable federal, state and local taxes, but this can, under the law, have no reference to state sales taxes.
>
> We are not certain that French Slough Flood Control District is liable for the state sales tax, but in any event we are certain that Stoen Construction Company is not obligated for the sales tax.

The district responded that both the specifications in the call for bids and the contract required that the contract unit price include all applicable federal, state, and local taxes; that the construction company was aware of this requirement, and that the 4 per cent sales tax was itemized on each voucher. The construction company paid the state tax commission $7,106, which was computed upon the basis that the 4 per cent sales tax had not been included in the total unit contract price.

The construction company commenced this action to re-

cover from the district the sales tax it had paid to the tax commission, and alleged that

At all times material hereto defendant was a Flood Control District of the State of Washington and in that capacity contracted with the plaintiffs for the performance by plaintiffs of certain construction work, which construction work was performed by plaintiffs, and there accrued upon the purchase price of said construction work Washington State sales tax in the sum of $7,106.00. Defendant, as purchaser of said services, was obligated to pay said amount and plaintiffs were obligated to collect said amount and to pay the same to the state. The amount of $7,106.00 for state sales tax has been due and owing by defendant to plaintiffs since December 4, 1962. Plaintiffs have been required to pay said amount to the Tax Commission of the State of Washington and defendant is indebted to plaintiffs therefor.

The material facts presented to the trial court are not in dispute, and are substantially as above indicated.

The trial court entered its conclusions of law as follows:

The contract price of the job in question was subject to State Sales Tax at four per cent (4%) on $177,650.05, or the amount of $7,106.00, which amount plaintiffs by law are required to collect from defendant and pay to the State of Washington Tax Commission. Conclusion of Law No. 2.

Plaintiffs could not legally absorb the sales tax and did not contract to do so. Conclusion of Law No. 3.

Plaintiffs were entitled to receive from defendant the amount of the sales tax upon the completion of the job and are entitled to judgment against defendant in the sum of $7,106.00 with interest thereon at six per cent (6%) from December 4, 1962. Conclusion of Law No. 4.

From the judgment entered accordingly, the district has appealed.

The appeal presents a single issue: Do the provisions of RCW 82.08.120, *infra*, prohibit a prospective consumer from requiring that a prospective seller include in his selling price the amount of the state retail sales tax applicable to the sale?

RCW 82.08.120 provides:

Whoever, excepting as expressly authorized by this chapter, refunds, remits, or rebates to a buyer, either directly or indirectly and by whatever means, all or any part of the tax levied by this chapter, or makes in any form of advertising, verbal or otherwise, any statements which might infer that he is absorbing the tax or paying the tax for the buyer by an adjustment of prices, or at a price including the tax, or in any other manner whatsoever shall be guilty of a misdemeanor. The violation of this section by any person holding a license granted by the state or any political subdivision thereof shall be sufficient grounds for the cancellation of the license of such person upon written notification by the tax commission to the proper officer of the department granting the license that such person has violated the provisions of this section. Before any license shall be canceled hereunder, the licensee shall be entitled to a hearing before the department granting the license under such regulations as the department may prescribe.

We agree with the trial court that the statute forbids a seller's absorbing the sales tax. We do not agree that the facts in this case establish that the construction company did absorb the tax. The district requested that the tax be included in the unit price. There is nothing in this record which indicates that the district requested or expected the construction company to absorb the tax in its unit bid; on the contrary, the proponent specifically required that the tax be included. Adding a specific tax to a unit price bid does not shift the burden of payment of the tax to the one submitting the bid, and, therefore, does not result in an absorption of the tax by the bidder.

We have previously held that a unit price bid may include the sales tax, when the call for bids requests that the tax be included. In *Kaeser v. Everett*, 47 Wn.2d 666, 667, 289 P.2d 343 (1955), we said:

This action involves simply the city's method of payment of its retail sales tax, which it was required to pay, as a buyer and consumer, upon materials and supplies used in the construction of the sewers. The respondent, city of Everett, did not propose to avoid its obligation to pay the sales tax, or attempt to shift its tax liability

to appellant. Recognizing that it was obligated to pay the tax, the city specifically requested the bidders to include the amount of the city's excise tax in their unit price bids . . . .

■ We do not interpret RCW 82.08.120, *supra*, as prohibiting a contract which includes the sales tax in the unit price bid, provided the burden of the tax falls upon the consumer. The mandate of the statute is that the consumer must pay the tax. RCW 82.08.120 is designed to regulate business practices, and to prohibit unfair competitive practices such as rebates, remissions or refunds of sales taxes, or advertising that the seller will bear the consumer's tax burden.

We adhere to the rule announced in the *Kaeser* case, *supra*, and hold that, in the instant case, the construction company did not absorb the sales tax, but, on the contrary, the district fully paid its tax liability to the construction company, as required by law.

The judgment is reversed, and the cause remanded with instructions to enter judgment in accordance with the views herein expressed.

ALL CONCUR.