[No. 38081.   En Banc.   November 18, 1965.]

S. S. MULLEN, INC., *Appellant,* v. MARSHLAND FLOOD CONTROL DISTRICT OF SNOHOMISH COUNTY, *Respondent.*\*

*Short, Cressman & Cable* (*Donald A. Cable* and *Joan E. Hansen,* of counsel), for appellant.

*Black, Christensen & Nielsen* (*Andrew T. Nielsen,* of counsel) and *Bell, Ingram & Smith* (*Newell Smith,* of counsel), for respondent.

OTT, J.—Prior to May 18, 1962, Marshland Flood Control District of Snohomish County (hereinafter referred to as the district) requested contractors to bid upon the construction of a proposed flood control and drainage water discharge facility in the Marshland watershed. Prospective bidders were furnished a form which included instructions. One of the instructions in the form provided, *inter alia:*

\*Reported in 407 P.2d 990.

(c)  .  .  .  As required by Clause 38, GENERAL
PROVISIONS, unit prices shall include all applicable Fed-
eral, State and local taxes, including State retail sales
taxes.

S. S. Mullen, Inc., a corporation (hereinafter referred to
as Mullen), was the successful bidder for a total unit price
of $923,925.60. Clause 38 of the "General Provisions" of
contract No. M-FCD-4, executed May 18, 1962, was as fol-
lows:

Except as otherwise provided, contract unit prices in-
clude all applicable Federal, State and local taxes.

In addition, the bid schedule attached to the contract con-
tained specifications (c), *supra.*

Mullen performed its contract, and progress payments
were made by the district from time to time until the full
contract price was paid, each voucher containing the state-
ment, "Payment does include 4% Sales Tax under provisions
of Contract M-FCD-4."

After the work was completed and accepted, Mullen re-
quested payment of the retained percentage which had been
withheld by the district. The district refused to remit the
retained percentage until Mullen furnished a receipt from
the State Tax Commission for payment of the 4 per cent
sales tax. Mullen paid the tax, furnished the receipt to
the district, received the retained percentage, and instituted
this action to recover $32,966.72, the amount the State Tax
Commission had computed as the applicable sales tax due.
The complaint alleged, *inter alia*:

That the contract above referred to provides in part:
"38. FEDERAL, STATE AND LOCAL TAXES.

Except as otherwise provided, contract unit prices in-
clude all applicable Federal, State and local taxes."

That said clause referred to Federal and State income
and business taxes and State Sales Taxes on materials
and supplies used in the performance of the contract
which the contractor is required to pay pursuant to
Washington Law and published rules of the Washington
State Tax Commission. That said clause did not refer
to the Washington State Retail Sales Taxes which the
prime contractor is required by RCW 82.08.050 to collect

from the purchaser. That RCW 82.08.120 forbids absorption of the tax by the seller and RCW 82.08.050 makes the tax imposed a debt from the buyer to the seller until the same is collected from the seller.

The district's answer alleged, *inter alia,* that the specifications to bidders required that the sales tax be included in the unit price; that the contract, in furtherance thereof, provided that all applicable federal, state, and local taxes, including the retail sales tax, had been included in the unit price bid, and that, by the payment of the total unit price, the district had paid to Mullen the tax it was required to pay by law, and which Mullen was required by law to collect.

The district's motion for summary judgment was predicated upon requests for admissions and answers thereto, and affidavits in which factual matters substantially as above set out were admitted. The court, relying upon the rule announced in *Kaeser v. Everett,* 47 Wn.2d 666, 289 P.2d 343 (1955), granted summary judgment and dismissed Mullen's cause of action with prejudice.

From the judgment of dismissal, Mullen appeals.

Mullen first assigns as error the trial court's "holding that the Washington sales tax on the total contract price could legally be included in the unit prices of the contract."

We agree with the trial court that the decision in *Kaeser v. Everett, supra,* is controlling, and that, under the circumstances here present, RCW 82.08.120 does not prohibit a contractor's adding to the unit price of his bid the amount of the sales tax, when the consumer requests him to do so.

Mullen next assigns error to the court's "holding that the clauses in the contract and the bid schedule concerning taxes were not ambiguous."

The instructions to bidders and the contract required Mullen to add to its unit price bid all applicable federal, state, and local taxes, including the state retail sales tax. Mullen contends that this provision is ambiguous because the district was required by law to pay the tax in

question; hence, the tax was not applicable to Mullen. RCW 82.08.120 does place the burden of paying the tax on the district, but places on Mullen the burden of collecting the tax from the district. It is a tax resulting from the performance of the work specified in Mullen's contract, and is within the purview of *"all applicable* Federal, State and local taxes, including State retail sales taxes," which the specifications in the call for bids and the contract required Mullen to add to its unit price bid.

We conclude that the contract is not ambiguous in this respect.

Mullen next asserts that the contract is ambiguous, in that the term "applicable" was not defined, and that there was a duty on the part of the district to itemize the taxes which were to be added to the unit price bid.

We find no merit in this contention. The words *"all applicable* . . . taxes"* encompass every conceivable tax resulting from the performance of the contract.

Mullen further asserts that the court's interpretation of the contract requires Mullen to absorb the tax, which is forbidden by RCW 82.08.120.

In *Stoen v. French Slough Flood Control Dist., ante* p. 440, 407 P.2d 963 (1965), we held that a request by a consumer that the sales tax be added to the unit price bid was not violative of RCW 82.08.120, "provided the burden of the tax falls upon the consumer." We further held that

Adding a specific tax to a unit price bid does not shift the burden of payment of the tax to the one submitting the bid, and, therefore, does not result in an absorption of the tax by the bidder.

We adhere to the rule announced in the *Kaeser* and *Stoen* cases, *supra,* and hold that the sales tax can legally be included in the unit price bid, when required by the consumer.

Finally, Mullen asserts that a summary judgment should not have been entered in this cause for the reason that there was a disputed issue of material fact, in that Mullen's affi-

davit alleges that it had not included the tax in its bid and did not understand that it should do so.

Although there may be some disputed issues of fact, they are material to this appeal only if the contract is ambiguous. Since we have found, as a matter of law, that the specifications in the call for bids and the terms of the contract are clear and unambiguous, the disputed factual issues are not here pertinent.

The judgment is affirmed.

ALL CONCUR.