[No. 9512–9–I.  Division One.  August 16, 1982.]

FRANK POMEROY, *Appellant,* v. MARK ANDERSON, ET AL, *Respondents.*

*William Roehl,* for appellant.

*Hal Thurston,* for respondents.

RINGOLD, J.—In early 1978, Mark Anderson, d/b/a Anderson Land Co., requested bids for the remodeling of a building in Whatcom County. Frank Pomeroy, d/b/a Pomeroy Construction Company, submitted the low bid of $57,371. After the parties entered into a contract and commenced performance, a dispute arose concerning whether the contract price included Washington State sales tax, and Anderson refused to make the last payment under the contract.

Pomeroy filed this action to collect the balance due, and Anderson paid the balance owing on the $57,371 contract price, but refused to pay the amount claimed as sales tax. The trial court found that the bid submitted by Pomeroy was silent as to sales tax, the parties had not discussed sales tax, and the contract mentioned sales tax only in article 10, section 10.5: "The Contractor [Pomeroy] shall pay all sales, consumer, use and other similar taxes required by law and shall secure all permits, fees and licenses necessary for the execution of the work." The court also found

> The defendant Anderson assumed that the contract language provided for a stipulated total sum of $57,371.00, including sales tax. The plaintiff Pomeroy understood that sales tax was to be in addition to the contract sum of $57,371.00. It is customary in the construction trade to specifically state that a bid or contract amount includes sales tax if that is the parties' desire.

The trial court concluded: "The contract form and specifically Article 10 subsection 10.5 speaks for itself and clearly states that sales tax shall be included in the total contract price of $57,371.00." The trial court dismissed Pomeroy's complaint for payment of sales tax. We disagree with the trial court's conclusion that the seller (Pomeroy) must bear the burden of paying the tax and therefore reverse the judgment of dismissal.

We rely on a conclusive presumption in RCW 82.08.050. This statute states in relevant part:

> The [retail sales] tax hereby imposed shall be paid by the buyer to the seller, and each seller shall collect from the buyer the full amount of the tax . . .
>
> . . .
>
> The amount of tax, until paid by the buyer to the seller or to the department, shall constitute a debt from the buyer to the seller and any seller who fails or refuses to collect the tax as required with intent to violate the provisions of this chapter or to gain some advantage or benefit, either direct or indirect, and any buyer who refuses to pay any tax due under this chapter shall be guilty of a misdemeanor. *The tax required by this chapter to be collected by the seller shall be stated separately from the selling price and for purposes of determining the tax due from the buyer to the seller and from the seller to the department it shall be conclusively presumed that the selling price quoted in any . . . contract . . . between the parties does not include the tax imposed by this chapter.*

(Italics ours.)

The buyer (Anderson) argues that the parties specifically agreed the contract price included sales tax and, because of this agreement, the statutory presumption should not apply to contradict the parties' express intent. He contends the presumption should apply only when a contract is silent as to sales tax as in *Urban Constr. Co. v. Seattle Urban League,* 12 Wn. App. 935, 533 P.2d 392 (1975). He relies in part on three cases holding that where a buyer requests bidders to include sales tax in the contract price, it is permissible for the parties to enter into a contract stating a single price that includes sales tax. *Stoen v. French Slough Flood Control Dist.,* 67 Wn.2d 440, 407 P.2d 963 (1965); *S.S. Mullen, Inc. v. Marshland Flood Control Dist.,* 67 Wn.2d 461, 407 P.2d 990 (1965); *Kaeser v. Everett,* 47 Wn.2d 666, 289 P.2d 343 (1955).

*Stoen, Mullen* and *Kaeser* were decided prior to the addition of the language in RCW 82.08.050 creating a conclusive presumption that a contract price does not include sales tax. Laws of 1965, 1st Ex. Sess., ch. 173, § 15, p. 2747. The issue in those cases arose under RCW 82.08.120, a

statute that forbids the absorption of sales tax by the seller. The Supreme Court held that where the parties understood that the bid included the sales tax, the seller did not absorb the tax in violation of RCW 82.08.120 if the contract price included sales tax. These cases do not control the issue of the application of the subsequently enacted conclusive presumption in RCW 82.08.050.

■ We assume without deciding that Anderson is correct in his argument that the presumption in RCW 82.08-.050 should not change the result in cases like *Stoen, Mullen* and *Kaeser* if the parties understood that the contract price included sales tax. We hold, however, that the presumption controls here because the parties did not address the question of sales tax during the bidding process and did not enter into a contract stating that the price included sales tax.

The trial court found that the parties had different assumptions regarding sales tax, but the court also concluded that the contract language in article 10, section 10.5 clearly meant that the contract price included sales tax. We cannot agree with this conclusion. The provision does not say anything about the contract price. It merely provides that the seller (Pomeroy) "shall pay all sales . . . taxes required by law." This is ambiguous language that can reasonably be read to mean that Pomeroy must pay the sales tax to the State as required by law, that is, by collecting it from the buyer (Anderson) and paying it to the State. RCW 82.08.050.

Anderson disputes this reading of article 10, section 10.5, by relying on another section of the contract in which the parties declared that the buyer (Anderson) must pay structural or plan check fees. He argues that the lack of a reference to sales tax in this provision reveals the parties' intent that the buyer (Anderson) incur no expenses above the contract price unless such expenses are expressly stated. The provision, however, does not state that it is intended as a complete statement of Anderson's additional financial obligations. It says nothing to eliminate the ambiguity of

the language regarding sales tax and does not demonstrate a clear intent to include sales tax within the contract price.

Anderson also argues that we should interpret the contract to sustain the trial court's decision because Pomeroy is a highly experienced contractor and should not be allowed to take advantage of an ambiguity to avoid paying the sales tax out of the contract price. There is no finding, however, that either party was deceptive or attempted to take advantage of or defraud the other. Instead, the court found that the parties had different assumptions about sales tax. In our view the statutory presumption was designed precisely for a situation such as this where neither party was at fault, the parties did not discuss sales tax and the contract did not clearly provide that the price included sales tax. Under the facts of this case, we hold that RCW 82.08.050 controls, and for purposes of determining the tax due from the buyer (Anderson) to the seller (Pomeroy), the selling price quoted in the contract does not include sales tax.

The judgment of the trial court is reversed, and we remand for the entry of judgment in favor of Frank Pomeroy in the amount of the sales tax due from Mark Anderson.

DURHAM, A.C.J., and SWANSON, J., concur.