## FRANK L. DAVIS v. MINNEAPOLIS FIRE DEPARTMENT RELIEF ASSOCIATION.[1]

July 6, 1917.

Nos. 20,399—(126).

**Fire department — right to pension — laches — abandonment of right.**

An active member of the Minneapolis Fire Department and also of the Minneapolis Fire Department Relief Association, by failing to make application to be placed upon the pension roll of the association for seven years, taken in connection with his subsequent conduct, abandoned and relinquished all right to any relief under the provisions of its articles and by-laws.

Action in the district court for Hennepin county to require defendant to place plaintiff upon its pension rolls and pay him a pension. The case was tried before Steele, J., and a jury who returned an affirmative answer to the question whether plaintiff while employed as a fireman received injuries which unfitted him for active duty as a fireman. The court thereafter made findings and ordered judgment in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*J. A. Will,* for appellant.

*Cary & Phelps,* for respondent.

QUINN, J.

Action to compel the defendant to place plaintiff upon its pension roll and to pay him a pension at the rate of $15 per month from February 2, 1908. The trial court made findings and ordered judgment for

[1]Reported in 163 N. W. 743.

plaintiff as asked for in his complaint. From an order denying its motion for judgment notwithstanding the findings or for a new trial, defendant appealed.

Defendant is a Minnesota corporation, its purpose being to afford relief to such active members of the Minneapolis Fire Department as become sick, injured or disabled, to provide pensions for disabled firemen, and to relieve widows and orphans of deceased firemen.

June 20, 1891, plaintiff became a member of the Minneapolis Fire Department, and remained an active fireman therein until February 1, 1901, when he voluntarily resigned. June 30, 1905, he again became a member of the fire department, and remained therein actively performing his duties as fireman until February 6, 1908, at which time he was dismissed for cause. Plaintiff was a member of the defendant association during the time he was a member of the fire department, covering a period of a little over 12 years. In 1915, the exact date of which does not appear, plaintiff made application to be placed upon the pension roll, which was refused.

The by-laws of defendant provide, among other things: That firemen who, through injury or sickness, have become so disabled as to be incapacitated for the duties of active firemen, but not so as to render them incapable of performing manual labor, shall be placed on the pension roll and be entitled to receive pensions from the time of their retirement, at the rate of $15 per month. It is under this provision that plaintiff seeks to recover in this action. It is provided in article 3 of the by-laws that "no person except a regular member of the Minneapolis Fire Department shall ever be an active member of the association," and that "all active members shall pay to the association the sum of eight dollars annual dues. * * * And upon failure of any such member to pay any instalment of dues as the same becomes payable, or within thirty days thereafter, he shall cease to be a member of said association and no longer be entitled to any benefit from membership therein."

Plaintiff was about 46 years of age; he had been a member of the department and of the association for a little over 12 years; he testified that during that time he had sustained several injuries which had incapacitated him from performing the duties of an active fireman, but not so as to render him incapable of performing manual labor. During his

membership, he had acquired, to a considerable extent, the drinking habit. On February 6, 1908, he was dismissed for the good of the department, and thereafter failed to pay his annual dues to the association, or to in any manner longer affiliate therewith. In 1915, something like 7 years after his dismissal, he, for the first time, demanded of the association that he be placed upon its pension roll. This was refused. It does not appear in what line he has been engaged since his dismissal. During 7 years subsequent to his dismissal he made no complaint nor claim for relief from the association. By his retirement from the department, as a matter of law he ceased to longer remain a member of the association, and is in no position to claim any benefits therefrom. By his subsequent conduct and failure of demand, he abandoned and relinquished all right, if he ever had any, to any relief under the articles and by-laws of defendant. If the plaintiff sustained injuries, while an active fireman, which incapacitated him for the duties of a fireman, he was entitled to be placed upon the pension roll of the association upon application. This right vested upon his ceasing to be a member of the department, but like an easement, may be lost by abandonment. We think it conclusive that the findings and order were not warranted by the evidence, and that defendant is entitled to judgment. It is so ordered.

Reversed.