(No. 25936.—)

THE PEOPLE *ex rel.* ROBERT T. BLAIR, County Collector, Appellee, *vs.* C. E. ERVIN *et al.* Appellants.

*Opinion filed Dec. 16, 1940—Rehearing denied February 12, 1941.*

GILSTER, OTTESEN & GILSTER, and LANSDEN & LANSDEN, (ROBERT L. LANSDEN, of counsel,) for appellants.

WALTER J. SCHUWERK, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The appellants filed objections in the county court of Randolph county, Illinois, to certain taxes extended for road district No. 5 in that county. The objection now in question is based upon the alleged invalidity of a certain bond-issue election held pursuant to section 112 of the Roads and Bridges act, (Ill. Rev. Stat. 1939, chap. 121, par. 120,) which provides, in part: "On the petition of one hundred

of the freeholders of any town or district (or where there may be less than two hundred such freeholders, then a majority of them), to the town or district clerk," etc., setting forth the procedure. The question in issue, here, is the sufficiency of the petitions. There were a number of petitions, identical in form and worded: "We, the undersigned, being at least one hundred (100) of the freeholders of road district No. 5, Randolph county, Illinois, do hereby respectfully petition you to call forthwith a special election to be held in and for said road district for the purpose of submitting to the legal voters of said road district the proposition, 'shall bonds for the purpose of construction, improvement and repair of gravel roads be issued to the amount of $25,000.00?'" There were 102 signatures on these petitions, but the record shows that less than a hundred of the signers were freeholders of the district. At the special election the proposition was voted for by a majority of the votes cast, and the bonds were issued. The county court overruled appellants' objections, and all but one have been abandoned. This appeal followed.

If there were two hundred freeholders in the road district, the petitions are faulty, but if less than two hundred, then the ninety-odd valid signatures may constitute a majority and make the petitions sufficient. The appellants produced three witnesses, two of them deputy assessors of the county and residents of the district for more than fifty years. They testified that from knowledge and common repute of all ownership there were in excess of 200 freeholders in the district. Appellants' third witness was Everett Seymour, the present acting assessor of the county. He testified that he had lived in the county for more than thirty years, was acquainted personally with most of the owners of land in the road district and that he had in his possession and custody the tax schedules of the land of owners in the district, signed under oath by the taxpayers; that he checked these schedules against the ownership records as

shown by the assessor's books, and that from his examination and investigation he knew there were more than 220 freeholders in the district. Appellee's witnesses, the clerk and road commissioner of the road district, testified there were 180 freeholders in the district, but one witness said his figure was a "rough estimate", the other a "pure guess". Neither had made any investigation. Appellee contends that Seymour's testimony was not competent, and violated the best-evidence rule in that the assessor's books were not introduced. In *People* v. *Gerold,* 265 Ill. 448, at page 460, this court said: "Where the originals [that are to be introduced in evidence] consist of numerous documents, books, papers or records which cannot conveniently be examined in court, and the fact to be proved is the general result of examination of the whole collection, evidence may be given as to such result by any competent person who has examined the documents, provided the result is capable of being ascertained by calculation." Citing cases. This excerpt is quoted in *People* v. *Chicago, Burlington and Quincy Railroad Co.* 300 Ill. 399, and is the established rule. Seymour was a competent witness, and his testimony proved that there were more than 200 freeholders included in the district. The petition was invalid.

Appellee contends, however, that this defect was remedied by the passage of a validating act by the General Assembly on June 13, 1940, (Laws of 1940, first sp. sess. p. 52,) one section of which provides that if a majority of the voters have voted favorably on this type of bond issue, and the bonds have been sold to a purchaser for value, then the bonds are valid obligations, notwithstanding the insufficiency of the election petition.

Without passing upon the meaning and effect of this curative act, we are convinced it avails this appellee nothing. A validating act cannot confer jurisdiction where none existed before; it can validate an irregular exercise of power, but it cannot cure the complete want of authority

to act. *People* v. *Illinois Central Railroad Co.* 310 Ill. 212; *People* v. *Chicago and Eastern Illinois Railway Co.* 365 id. 202; *People* v. *Pennsylvania Railroad Co.* 375 id. 85.

The judgment of the county court of Randolph county is reversed and the cause is remanded, with directions to sustain the objection to the road district tax.

*Reversed and remanded, with directions.*

WILSON and MURPHY, JJ., dissenting.