WILLIAM E. RYAN v. MINNEAPOLIS
POLICE RELIEF ASSOCIATION.
CITY OF MINNEAPOLIS, INTERVENOR.

88 N. W. (2d) 17.

January 10, 1958—No. 37,293.

*Bonner, Bonner & Clements* and *Brill & Brill,* for appellant Minneapolis Police Relief Association.

*Charles A. Sawyer,* City Attorney, and *Raymond H. Hegna,* Assistant City Attorney, for appellant City of Minneapolis.

*Sachs, Karlins, Grossman & Karlins* and *Arnold A. Karlins,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal by the defendant, Minneapolis Police Relief Association, and intervenor, City of Minneapolis, from an order of the district court denying their motion for amended findings or a new trial.

The case was tried by the court without a jury; the facts were stipulated. The court found that:

The plaintiff became an employee of the police department in the city of Minneapolis on May 5, 1925, where he continued until he voluntarily retired May 15, 1946, at which time he was superintendent of police. During all that time he was a paying, contributing member of the defendant association, a Minnesota corporation organized under the laws of Minnesota to maintain and administer the Minneapolis policemen's pension fund for the benefit of its members. Money is also contributed to that fund by the city of Minneapolis from authorized tax revenues.

On November 13, 1946, following his retirement, plaintiff attained the age of 50 years and, having been a member of the police department more than the required 20 years, applied to defendant relief association for a pension, which application was accepted. The association paid his pension for 17 days in November and the month of December 1946.

On January 1, 1947, plaintiff became an employee of Hennepin County, having been elected sheriff, in which capacity he still serves. At the time of his retirement from the police department, May 15, 1946, the law in effect relating to policemen's pensions was L. 1943, c. 280. Section 6, subd. 1, of said law provided that pensions authorized by that act should not be paid to any person while drawing a salary from the city as an employee in any police department, or from any department of the state, or any county or municipality therein.

No formal action was taken by defendant association, nor any resolution of any kind adopted, when plaintiff became sheriff. No pension payments were made to him from January 1, 1947, to and including November 22, 1954, during which time plaintiff was an employee of Hennepin County.

In 1949 the Minnesota legislature enacted L. 1949, c. 406, which

became effective April 14, 1949, and repealed L. 1943, c. 280, relating to police pensions. Chapter 406 provides, among other things, as follows:

"Sec. 5. Subdivision 1. Any such policemen's relief association shall grant pensions payable from the policemen's pension fund in monthly installments, in the manner and for the following purposes:

"(1) Any member of any association of the age of fifty years or more, who performs duty as a member of such a paid municipal police department for a period of twenty years or more, upon his own written application after retiring from duty with such police department, shall.be paid from such fund an annual pension during his lifetime equal to one-half of the full annual salary or compensation of a first grade patrolman of such police department when retired.

\*   \*   \*   \*   \*

"Sec. 7. \* \* \*

\*   \*   \*   \*   \*

"Laws 1943, Chapter 280, is hereby repealed, but no rights or benefits accrued or granted thereunder, or under the regulations of the association in force at the time of the taking effect of this act, shall be destroyed or reduced hereby. All actions or transactions taken or made, prior to the time of the taking effect of this act, by any policemen's relief association, continued in existence hereby, which would have been regular and in conformity with Minnesota Statutes 1941, Sections 423.01 through 423.07, are hereby legalized, confirmed and made effective."

The provision which was contained in the 1943 law which said that pensions shall not be paid to any person while drawing salary as a city, state, or county employee was not reenacted and was absent from the 1949 law.

Late in 1954 plaintiff inquired of defendant association concerning his pension and was told to make a written application. Accordingly on November 22, 1954, plaintiff wrote the association stating that he was making application for a police pension and requested information as to how much back pension pay was due him. Thereafter on December 16, 1954, he received a reply from the secretary of the association acknowledging receipt of his formal application to be placed on the

pension roll. He was further informed that at the regular monthly meeting of the association December 14, 1954, his name was ordered added to the pension rolls effective November 23, 1954; that this was pursuant to M. S. A. 423.745, subd. 1, of the pension laws, which would entitle him to 32 units for 20 years of service in the police department. The following is an excerpt from the minutes of the meeting of the defendant board held December 14, 1954:

"Application for a service pension from Sheriff W. Ed. Ryan was read. According to our records Mr. Ryan was appointed to the Park Police on December 8th, 1925; was permitted to transfer to the City Police force on July 16th, 1927 and served until his resignation on May 15th, 1946. Although Mr. Ryan would have become eligible to draw his pension on May 1st, 1949—when our pension law was changed to permit members working in other subdivisions of the Government to also draw their pension, which was not the case prior to May 1st, 1949, he did not make his formal application up until November 23rd, 1954. After some discussion a motion was made and seconded that Mr. Ryan's name be ordered added to the pension rolls, effective November 23rd, 1954. He qualifies for 20 years of service and will get 32 units as pension. This motion was adopted."

Pension payments to plaintiff were resumed on November 23, 1954, and are still being made.

The court found that since plaintiff's action was commenced July 6, 1955, his claim for pension payments from April 14, 1949, to July 6, 1949, was within the statute of limitations. The court concluded, however, that for the period from July 6, 1949, to November 22, 1954, plaintiff is entitled to judgment from defendant relief association in the amount of $7,674.47, with interest at six percent on the amounts more specifically set out in the conclusions.

The legal issues raised on appeal are:

(1) Is the plaintiff entitled to pension from 1949 to 1954?

(2) Is plaintiff guilty of laches when he could have applied for a pension on April 14, 1949, but failed to do so until November 23, 1954?

■ In connection with the first issue it is our opinion that the judg-

ment of the trial court should be affirmed. It appears to us from the record here that plaintiff qualified for a pension under the relief association plan when he applied on November 13, 1946, and that he established his pension rights when his application was accepted and payments were made to him under the plan for 17 days in November and the month of December of that year.

It is our further opinion that, when he became sheriff of Hennepin County on January 1, 1947, further pension payments due him were merely suspended under L. 1943, c. 280, and that L. 1949, c. 406, removed the suspension-of-payment provision while he was acting as a county employee and reinstated his right to again receive his pension from July 6, 1949, for the period found by the trial court. To hold otherwise would seem to be in conflict with the last paragraph of L. 1949, c. 406, § 7, which provided that L. 1943, c. 280, was repealed, "but no rights or benefits accrued or granted thereunder, or under the regulations of the association in force at the time of the taking effect of this act, shall be destroyed or reduced hereby."

Here we have a stipulated fact situation where it is undisputed that plaintiff was a paying, contributing member of the relief association for more than the required 20 years; that on November 13, 1946, following his retirement from the police department of the city of Minneapolis he attained the age of 50 years; that he then applied for and received his pension until January 1, 1947, when he became sheriff; and that no formal action was taken by the association at that time and no resolutions of any kind were adopted except to discontinue plaintiff's payment from January 1, 1947.

We have considered defendant's argument that under L. 1949, c. 406, it was necessary for plaintiff to again apply for his pension. We do not consider that act necessary, under the record here, as it is our opinion that plaintiff had already complied when he made his application on November 13, 1946, when he became 50 years of age, and that L. 1949, c. 406, § 5, subd. 1(1), was intended to apply to a person qualifying under that act who was applying for the first time for his pension.

We therefore conclude that plaintiff is entitled to recover $7,674.47 with interest as the trial court found.

■ With reference to the second issue raised as to whether plaintiff was guilty of laches, it is our opinion that that doctrine has no application here. Laches is an equitable defense. It is based on public policy which requires for the peace of society the discouragement of stale demands. Cantieny v. Boze, 209 Minn. 407, 296 N. W. 491, 173 A. L. R. 321. It is well settled that a party is barred by laches when the delay is so long and the circumstances of such a character as to establish a relinquishment or abandonment of rights. Sweet v. Lowry, 131 Minn. 109, 154 N. W. 793. We do not consider, under the record here, that plaintiff relinquished or abandoned any of his rights in connection with the pension involved.

Affirmed.