GORDON JONES *et al.,* d/b/a Jones & Greathouse, Plaintiffs and Counterdefendants-Appellants, *v.* D. KEITH ATTEBERRY, Defendant and Counterplaintiff-Appellee.

Fourth District   No. 15397

Opinion filed October 19, 1979.—Rehearing denied November 15, 1979.

464

Stephen L. Corn and Gregory C. Ray, both of Craig & Craig, of Mattoon, for appellants.

Ralph Glenn, of Glenn & Logue, of Mattoon, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs appeal from judgments entered pursuant to jury verdicts in favor of defendant upon their complaint as to five counts seeking replevin of certain office files alleged to be the property of plaintiffs (one count), and for compensatory and punitive damages resulting from defendant's use of the items following an alleged breach of an oral agreement for defendant's employment (four counts). The jury returned a verdict in favor of plaintiffs upon count VI of the complaint for money received from clients by defendant ($8,669). Plaintiffs obtained execution and that judgment has been released.

Plaintiffs also appeal from the judgments entered upon jury verdicts in favor of defendant under two counts of the latter's counterclaim for compensation due ($15,000), and for the value of a wooden desk and cabinet ($1200).

The trial court denied plaintiffs' post-trial motion. Plaintiffs argue that the evidence so overwhelmingly favors them that under *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, judgments *non obstante veredicto* should be entered in their favor with a new trial on damages only, or in the alternative, that the jury verdicts were against the manifest weight of the evidence so that defendant's judgments must be reversed and the cause remanded for a new trial. The notice of appeal prays reversal of five orders of the trial court entered between February 8, 1977, and December 1, 1978, including the judgments entered on June 30, 1977. These rulings will be discussed as necessary.

The amended complaint alleges "That during September 1973, defendant ° ° ° entered into a business relationship with plaintiffs." In replevin it is alleged that after office hours on December 15, 1976, defendant removed certain files from plaintiffs' office and terminated the "relationship." That complaint was filed on December 16, 1976, and subsequent amendments developed the several counts for compensatory and punitive damages alleged to result from the taking and use of the files.

Plaintiffs were certified public accountants who had been in partnership for some 20 years. Plaintiff, Jones, testified that in the summer of 1973 the partnership was seeking a younger man with partnership potential. Defendant had had some years of experience in accounting and for some months preceding had operated his own public accounting service, but he was not a certified public accountant, with the result that he

could not then become a partner in the firm. It was contemplated by the parties he might complete the examination to be certified as a public accountant.

All of the evidence is that the product of the negotiations concerning the association was to be reduced to a written agreement. There is testimony that defendant volunteered to produce a draft agreement but did not do so. Plaintiffs produced certain undated drafts which defendant returned with portions marked "incorrect," and with comments of disagreement. No agreement was ever completed or executed by any party. Plaintiffs seek to treat the negotiations as an oral agreement for defendant's employment.

Defendant denies that he was an employee, but testified as to a form of "association." He disagrees with plaintiffs' testimony regarding the terms of the agreement and testified that the files taken were those which he had in his practice prior to the "association" and related to clients which he had prior to that time.

Counsel describe the controlling issue to be whether defendant was an employee of the plaintiffs. The substance of the jury's verdict was that defendant was not an employee.

The plaintiffs testified that the oral agreement was that defendant was to receive $800 per month, the same amount drawn by each plaintiff; plaintiffs would purchase the existing clients of defendant at the rate of 150% of billings payable over three years, *i.e.*, each year for three years defendant would receive 50% of the amount billed to such client, and defendant would receive a bonus of 20% of each years' net income of the partnership.

There is no testimony that the matters were discussed, but the monthly payment to defendant was subject to withholding taxes and Social Security payments. Defendant was listed as an employee on various tax returns of the partnership and was placed under Workmen's Compensation. He was also listed as an employee in matters of health insurance, and plaintiffs paid defendant's travel expenses, fees for professional seminars, and club dues. Plaintiffs supplied defendant with business cards describing the latter as "Representing Jones & Greathouse." Defendant used plaintiffs' supplies and equipment.

Plaintiffs sought to treat the alleged purchase of defendant's clients as an office expense and additional compensation to defendant, rather than as a purchase which defendant could treat as a capital gain. Jones agreed that there was disagreement upon this part of the business and admitted that the basis for computing defendant's percentage was and continued to be in dispute.

Defendant testified, both under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 60) and in his own behalf, including the

statement that he told the plaintiffs in substance initially that he was not going to be an employee. The recollection of the various parties as to the form of the statement varies. In sum, defendant testified that he was to handle his accounts and to assist the plaintiffs in handling their accounts as requested. He agreed that he signed tax returns for clients under the identification number of plaintiffs' partnership. The evidence is conflicting concerning the manner in which defendant dealt with the clients and how he represented his relationship with plaintiffs to those persons.

Upon his counterclaim, defendant presented computations purportedly made from the records supplied him showing that plaintiffs owed him the sum of $67,000 for 20% of the firm's income. The manner of computing such sum is contested by plaintiffs, and it is represented by the jury verdict for $15,000 upon count I in defendant's counterclaim. Under count II the defendant presented documentary evidence that the desk and cabinet were purchased and paid for by his wife and that she also paid for the work of refinishing. Plaintiffs contend that they purchased the desk and cabinet and would pay for it upon receiving an invoice. Testimony of the value of the desk as refinished is presented in the record.

The record includes testimony concerning a substantial number of individual transactions in detail, all of which were heard by the jury and counsel argued the matters in the trial court.

The plaintiffs urge that the evidence so overwhelmingly favors the conclusion that defendant became an employee that no contrary verdict can stand and that a judgment *non obstante veredicto* must be entered against defendant under the rule of *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, and the cause remanded for hearing on damages only.

The plaintiffs agree that the "business relationship" was to be defined in a written agreement of the parties and that such was never done. The record shows that plaintiffs attempted to draft the agreement, but that such was rejected by defendant with various statements marked "incorrect", and with a notation as to the basis for computing defendant's 20% interest of the net in a different manner. As to the treatment of clients upon separation from the firm, defendant tendered copies of the provisions suggested in an accounting text which differed from the terms of plaintiffs' proposed draft. Upon cross-examination, plaintiff, Jones, admitted that the basis of computing defendant's compensation had been and was in dispute.

■■ Initially, it is difficult to conclude that the negotiations which were never embodied into the contemplated written agreement or contract may be transmogrified into an oral contract of employment and the rights and liabilities of the parties thereby determined. It is defendant's

contention that he was an independent accountant before he became associated with plaintiffs and that status remained unchanged until the written agreement was concluded. In the light of this record, we cannot say that the evidence so overwhelmingly favored plaintiffs that no other verdict could ever stand.

In the alternative, plaintiffs contend that the jury verdicts in favor of defendant are contrary to the manifest weight of the evidence. Determination of the question of whether the relationship of an employer-employee, principal and agent, or owner and independent contractor exists depends upon such facts as the matter of having the right to discharge, the manner and direction of the work of the parties, and the right to terminate relationship. The right to control the manner of doing the work is probably the most important consideration in determining whether the relationship is that of employer and employee or otherwise. *Henry v. Industrial Com.* (1952), 412 Ill. 279, 106 N.E.2d 185.

It is again striking that the record shows failure to achieve agreement upon the terms of a contemplated written contract. Upon the issue of supervision and control of defendant's work the evidence is minimal. The defendant testified that in such context there was consultation upon accounting questions and that he himself supervised clerical and accounting staff. He agreed that he had done some audit reports which were required to be signed by a partner who was a certified public accountant, but that he otherwise substantially handled the accounts assigned to him. A plaintiff testified that one account was taken from defendant upon a tax question, but there is otherwise substantially no testimony as to other forms of control and direction of defendant's work. Defendant's proper compensation and the rights of the parties at termination remain as issues in dispute.

■■ The plaintiffs argue that defendant's compensation was reported by the firm as withholding tax and for purposes of Social Security, and that he was placed under Workmen's Compensation and included in the roster of employees for purposes of group health insurance. As to such matters the plaintiff partners were otherwise handled. It is apparent that the defendant could not then be treated as a partner, and these indicia are not conclusive upon the fact of an oral agreement of employment. The structure of the firm's internal system for the payment of taxes and other expenses are in a substantial measure elective, and it can be concluded that such treatment of plaintiffs' compensation was mutually beneficial to all parties. In *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 16, 365 N.E.2d 1045, 1050, the court reviewed the circumstances of a business relationship upon the question of whether it was an independent contract. The court said:

"It is well established that no single factor is determinative of the

relationship. The agreements, acts, and understandings of the parties must be considered."

Here, the jury heard extensive evidence of the dealings of the parties measured from the bench mark of the plaintiffs' initial proposal for a relationship which was to be defined in a written contract. We cannot say that the jury verdicts are contrary to the manifest weight of the evidence.

In the light of the evidence concerning the purchase and payment for the desk and the cabinet, again it cannot be said that the verdict is contrary to the manifest weight of the evidence.

Plaintiffs argue that the jury verdict in favor of plaintiffs under count VI is so inconsistent with the other jury verdicts that the case must be reversed and remanded for a new trial. That count related to fees which defendant had admittedly received from clients for services performed prior to the time that he ceased to be associated with plaintiffs. Defendant agreed that such collections should be deposited in the business account of plaintiffs, but his pleading requested that such funds be set off upon his claim against plaintiffs. Upon the facts and the jury instructions considered as a whole, the verdict as to count VI does not require the conclusion that defendant collected said fees as an employee of plaintiffs, and that verdict can be reconciled with the remaining verdicts.

Plaintiffs also argue that the trial court erred in modifying their trial memorandum to state to the jury that pending the outcome of the trial plaintiffs held the custody of the files in issue while the defendant retained copies as modified by the trial court. The memorandum accurately disclosed the facts and the argument is without merit.

Plaintiffs asserted error by the admission into evidence of defendant's Exhibits 1, 4, and 5. No. 1 was a photocopy of two pages of an accounting text, which defendant delivered to plaintiffs as a part of his notations upon the proposed contract drafted by plaintiffs. Plaintiffs' objection was that the pages are not to be considered as any authority with reference to the negotiations. There was no objection and no error in its admission for the stated purpose of showing his communication to plaintiffs. Defendant's Exhibits 4 and 5 were computations prepared by defendant from material supplied by plaintiffs and undertook to show under his claims for money due. Plaintiffs' own summary upon that question was admitted into evidence. Here, there was complex testimony concerning accounting practices, and each party made varying computations. Where numerous documents cannot conveniently be explained in court and the facts to be presented to the jury are the general result from examination of all such documents, evidence may be given as to the result of any competent person who has examined the documents provided the result is capable of being ascertained by calculation. (*People ex rel. Blair v. Ervin* (1940), 375 Ill. 435, 31 N.E.2d 789.) Plaintiffs principally contend that the

computations are inaccurate in comparison with their own. Such alleged inaccuracies were subject to thorough cross-examination and fully presented to the jury. Such exhibits were properly admitted.

Plaintiffs argue that they were prejudiced by defendant's arguments alleged to be without fact in evidence. In one such instance, no objection was made, and as to the second, the objection was withdrawn when the statement was expanded by defendant's counsel.

■■ It is also argued that the court erred in refusing their tendered instructions 11, 12 and 21. The tendered instructions were not Illinois Pattern Instructions Civil, and each undertook to state in abstract form a duty of an employee. The instructions tendered and refused assumed plaintiffs' versions of fact and cannot be said to be simple, brief, impartial, and free from argument as required by Supreme Court Rule 239 (58 Ill. 2d R. 239). In such circumstance it is proper to refuse the instructions. *Meador v. City of Salem* (1972), 51 Ill. 2d 572, 284 N.E.2d 266.

Plaintiffs contend that the trial court erred in refusing their tendered instruction No. 22, and in giving their prepared and tendered instruction No. 23 in the language "When I use the word 'employee' in these instructions, I mean a person standing in a particular relationship to another, who would be the employer. The law does not say what an employee is under circumstances similar to those shown by the evidence. That is for you to decide," modified to include as subdivisions some ten general characteristics as stated in the Restatement of Agency. Plaintiffs appear to argue that the several subdivisions did not refer to some specific items of evidence which plaintiffs believe relevant to show the employee relationship. The quoted paragraph of instruction No. 23 constituted the statement of plaintiffs' refused instruction No. 22.

The record shows that the trial court refused defendant's several instructions each setting forth characteristics of the relationship of employer-employee as being repetitive and isolating certain aspects.

■■ We find no error requiring reversal here with regard to the instructions so tendered by plaintiffs. The test to be applied in determining whether the instructions are proper lies in the consideration of the instructions considered as a whole to determine whether they are sufficiently clear as not to mislead the jury and whether they fairly and correctly state the law. (*Cole v. Brundage* (1976), 36 Ill. App. 3d 782, 344 N.E.2d 583.) We can find no prejudice to the plaintiffs in the giving of this instruction. *Trippel v. Lott* (1974), 19 Ill. App. 3d 936, 312 N.E.2d 369.

■■ Plaintiffs also request that a new trial be given upon the judgment in favor of defendant on count I of the counterclaim upon which verdict was entered for defendant in the sum of $15,000, unless defendant remit the judgment to the sum of $9178. Plaintiffs contend that based upon their computations their computations show that at most defendant was

entitled to that amount and that defendant's computations are absurd and inaccurate. Any amount due to defendant upon the counterclaim is not susceptible or precise computation and under such circumstances the court is not authorized to order *remittur*. (*Lee Shell Co. v. Model Food Center, Inc.* (1969), 111 Ill. App. 2d 235, 250 N.E.2d 666.) The issues upon the respective claims of the parties were fully presented to the jury as the triers of fact.

■■ Plaintiffs argue asserted errors in the trial court's denial of motions and summary judgment for the money ultimately awarded to them by the jury verdict upon count VI of the complaint and seek to recover additional interest. We have noted that the record shows that the judgment has been satisfied and released. We deem any error to have been released also. It is unnecessary to review the remaining issues argued.

The judgments are affirmed.

Affirmed.

REARDON, P. J., and CRAVEN, J., concur.