SUMMIT COURT, INC., Appellant,

v.

NORTHERN STATES POWER COMPA-NY, et al., Respondent.

No. CX–83–375.

Supreme Court of Minnesota.

Aug. 31, 1984.

John E. Castor, Austin D. Ditzler, Minneapolis, for appellant.

Clyde F. Anderson, Robert E. Salmon, Laura Underkuffler, Minneapolis, for respondent.

WAHL, Justice.

This appeal, by Summit Court, Inc., involves the propriety of awarding prejudgment interest on two separate damage awards arising out of the 1978 gas explosions and fire at the Commodore Hotel in St. Paul. We affirmed the jury's award of property damages in *In re Commodore Hotel Fire and Explosion Cases*, 324 N.W.2d 245 (Minn.1982), and remanded the case for a determination of loss-of-use dam-

ages during the period of restoration Ramsey County District Court, in orders dated February 16, 1983, and March 1, 1983, denied prejudgment interest on both the property damages and the loss-of-use damages award. ·We affirm as to the property damages award and reverse as to the loss-of-use damages award.

## I. PREJUDGMENT INTEREST ON PROPERTY DAMAGES AWARD.

Gas explosions on February 15, 1978, substantially damaged the Commodore Hotel and forced it to cease operation. Summit Court's estimate of restoration damages was $1,373,824.61. Its insurance company estimated damages at $1,036,270.14. The two finally agreed on $1,140,000 as the cost of repairs and then subtracted $288,-889, the agreed upon figure representing "betterment" as the result of the repairs. The actual cash value loss agreed on was $851,721. Because the hotel was underinsured, it recovered only $742,750 from the insurer, leaving $108,971 as a loss for Summit Court.

Summit Court then brought the original tort action against Northern States Power Company (NSP) who provided and Grudem Brothers who installed the gas service to the building. Uncompensated property damages and lost profits were sought. Although Summit Court tried to obtain a greater amount of property damages, the defendants were successful in using Summit Court's agreement with its insurer to set the amount of damages, and the jury awarded the exact amount uncompensated by insurance benefits, $108,971.61. Summit Court appealed, and we affirmed. *In re .Commodore Hotel*, 324 N.W.2d at 245. On October 8, 1982, NSP and Grudem Brothers sent Summit Court's attorney two checks totaling $139,277.08, which represented the property damages award plus costs and postjudgment interest. On October 14, 1982, Summit Court's attorney sent a Satisfaction of Judgment in the amount of $107,061.25 to the defendant's attorney and cashed the checks. On February 1, 1983, just prior to the second trial to deter-

mine loss-of-use damages, Summit Court presented a motion to the trial court requesting prejudgment interest on the property damages award that had been satisfied the previous October.

The first issue, then, is whether Summit Court was entitled to prejudgment interest on the property damages award. A preliminary issue, however, and one we find dispositive, is whether, even if Summit Court was so entitled, it waived its right to any further amount based on the property damages award by negotiating the checks sent by defendants in satisfaction of the judgment and executing a release and satisfaction. Along with the checks, the defendants sent a release and satisfaction form to be signed by Summit Court's appropriate officer. The accompanying letter stated, "We forward the checks with the understanding that they will not be released from your possession or presented for payment unless and until the release and satisfaction has been properly executed and returned to us." The release and satisfaction finally executed by Summit Court stated that the judgment was thereby "acknowledged to be paid and satisfied in full."

■ Summit Court argues that, because its claim for prejudgment interest was completely separate from its property damages claim, the release and satisfaction cannot function to bar its claim for interest. We do not agree. Prejudgment interest is bound up with the underlying damages award. It is part of the damages suffered by plaintiff where the defendant could have readily ascertained the damages and tendered them prior to trial. In this case, the litigation had spanned several years by the time the judgment was satisfied. If Summit Court thought that the damages amount was erroneous because it did not include prejudgment interest, the time to contest it was before accepting payment and executing the release and satisfaction. In *Jones v. Atteberry*, 77 Ill.App.3d 463, 471, 33 Ill.Dec. 28, 34, 396 N.E.2d 104, 110 (1979), the court held that where the record showed that the judgment had been satisfied and released, the plaintiffs were precluded from recovery of additional interest on the amount of the judgment, because the release barred further action in the case. Satisfaction of a judgment is the last act of a proceeding. As the Colorado Supreme Court noted, "It extinguishes the judgment for all purposes and thereby promotes the interests of certainty and repose." *Dooley v. Cal-Cut Pipe & Supply, Inc.*, 197 Colo. 362, 364, 593 P.2d 360, 362 (1979). We agree and hold that where a plaintiff accepts payment of a judgment in its favor and executes a release and satisfaction of that judgment, it may not later claim prejudgment interest on the damages award underlying the judgment.

## II. PREJUDGMENT INTEREST ON LOSS–OF–USE DAMAGES.

Summit Court moved for prejudgment interest on the loss-of-use damages award just after the trial to determine those damages and prior to entry of judgment. At that trial, the parties stipulated to the amounts of monthly fixed, unabatable overhead costs for real estate taxes, mortgage interest, license fees and insurance premiums during the period of restoration. The final jury award included not only these amounts but also amounts for legal and accounting fees as well as other fixed costs. NSP had challenged the propriety of the inclusion of the legal and accounting fees. Summit Court sought prejudgment interest from the time that the building was restored and those costs had become verifiable bookkeeping items.

There were two issues at trial: (a) whether Summit Court would have had sufficient gross income to cover the fixed costs if the explosions had never occurred and (b) the length of time reasonably needed to restore the building. Both issues were extensively litigated. The jury found that Summit Court would have had sufficient income to cover the fixed costs and awarded $209,679 in loss-of-use damages, a figure approximately midway between Summit Court's claim for $353,928 and NSP's suggested amount of $41,237. The amount of the award was based on the number of months

the jury determined that it reasonably took for restoration.

■ A plaintiff is entitled to prejudgment interest on a final judgment where the damages claim is liquidated or, if unliquidated, "where the damages were readily ascertainable by computation or reference to generally recognized standards such as market value and not where the amount of damages depended upon contingencies or upon jury discretion (as in actions for personal injury or injury to reputation)." *Potter v. Hartzell Propeller, Inc.*, 291 Minn. 513, 518, 189 N.W.2d 499, 504 (1971).[1] The question here is whether the loss-of-use damages were readily ascertainable prior to trial or whether the final amount depended on jury discretion. The issues of liability and apportionment of liability between NSP and Grudem Brothers had been determined long before the trial on the amount of loss-of-use damages.

To support denial of prejudgment interest in this case, NSP relies on *Northern Petrochemical Co. v. Thorsen & Thorshov, Inc.*, 297 Minn. 118, 211 N.W.2d 159 (1973). There, we held that interest was appropriately denied because "neither the total amount of damages nor the apportionment of damages was readily ascertainable before trial." 297 Minn. at 132, 211 N.W.2d at 169. That case concerned complex breach-of-contract issues relating to delays in construction, interpretation of a liquidated-damages clause, how to measure damages, the availability of loss-of-use damages under the terms of the contract, the effect of a waiver agreement, implied waiver, defective design, negligence and apportionment of damages between the defendants. The jury exercised considerable discretion in sorting through all of those issues and arriving at a final determination. Here, the jury had to determine, based on the figures presented by both Summit Court and NSP, whether Summit Court would have had sufficient gross income to cover the fixed costs in the absence of damage to the building and how many months it reasonably took to restore the building. Neither of those issues involves so much jury discretion that Summit Court is precluded from receiving prejudgment interest on these fixed costs.

■ The parties stipulated to the amount of the monthly fixed, unabatable costs, although NSP argued against the inclusion of the accounting and legal fees in loss-of-use damages. The fixed costs were bookkeeping figures and were clearly ascertainable prior to trial. *See Polaris Industries v. Plastics, Inc.*, 299 N.W.2d 414, 418 (Minn.1980). The issue as to gross income was not particularly complicated. The only complicating factor in determining the number of months required for restoration was that the building was not restored to its previous use and condition but was improved and converted to another use. Thus, the actual restoration time could not be used to determine the final loss-of-use damages due to the explosions and fire. NSP and Summit Court each argued a different length of time. The jury used very little discretion to arrive at a final figure. We hold that Summit Court is entitled to the prejudgment interest it requested on the loss-of-use damages award where the damages, based on fixed, unabatable costs, were readily ascertainable prior to trial and little jury discretion was involved in arriving at the final award.

We affirm as to the denial of prejudgment interest on the property damages award, and reverse as to the denial of prejudgment interest on the loss-of-use damages award.

Affirmed in part; reversed in part.

COYNE, J., took no part in the consideration or decision of this case.

---

1. The Minnesota Legislature, during its 1984 session, amended Minn.Stat. § 549.09, subd. 1 (1982), to provide prejudgment interest in most cases. Act of April 19, 1984, ch. 399, § 1, 1984, Minn.Laws 35. The newly amended statute, effective August 1, 1983, does not apply here, and we decline to adopt such a rule judicially to cover the interim period.