SUMMIT COURT, INC., Appellant,

v.

NORTHERN STATES POWER COMPANY, et al., Respondents.

No. C7–85–1956.

Court of Appeals of Minnesota.

March 11, 1986.

John E. Castor, Minneapolis, for appellant.

Donald C. Mark, Jr., Minneapolis, for respondents.

Heard, considered and decided by CRIPPEN, P.J., and FOLEY and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

This appeal involves the calculation of prejudgment interest on loss-of-use damages arising out of the 1978 gas explosion and fire at the Commodore Hotel in St. Paul. In *Summit Court, Inc. v. Northern States Power Co.*, 354 N.W.2d 13 (Minn. 1984), the supreme court held that Summit Court was entitled to prejudgment interest on the loss-of-use damages. The trial court subsequently found that Summit Court was entitled to prejudgment interest from February 15, 1980, and that the interest rate was 6 percent. We affirm.

## FACTS

The basic facts are stated in the two prior supreme court cases: *Summit Court, Inc. v. Northern States Power Co.*, 354

N.W.2d 13 (Minn.1984) and *In re Commodore Hotel Fire and Explosion Cases*, 324 N.W.2d 245 (Minn.1982).

In February 1983, Summit Court moved for prejudgment interest of $71,437.88 on its loss-of-use damages from February 15, 1980. NSP contended that no prejudgment interest should be awarded. The trial court denied the motion, and Summit Court appealed. In *Summit Court* the supreme court held that "Summit Court is entitled to the prejudgment interest it requested * * *." *Id.* at 16. The court did not state the exact amount of interest that was due. However, the court did note that the interest rate used by Summit Court was incorrect. *Id.* at n. 1.

The parties continued to skirmish. In February 1985, Summit Court attempted to amend its motion for prejudgment interest from the end of the month in which each item of unabatable, fixed cost accrued (which Summit Court contended was before February 15, 1980) and at an interest rate that would provide "just compensation." The trial court found that Summit Court had waived any claim to prejudgment interest prior to February 15, 1980 and that the 6 percent interest rate set forth in Minn. Stat. § 334.01 (1984) provided fair and adequate compensation.

## ISSUES

1. Did the trial court err in finding the appropriate rate of prejudgment interest to be 6 percent?

2. Did the trial court err in denying Summit Court's request for prejudgment interest before February 15, 1980?

## ANALYSIS

1. Summit Court contends that under the plain meaning of *Summit Court* it is entitled to $71,437.88, that NSP has waived the issue of how the interest rate is to be calculated, and that § 334.01 does not apply to tort claims.

The plain meaning of *Summit Court* is that Summit Court is entitled to prejudgment interest on its loss-of-use damages.

The decision neither states nor implies that Summit Court is entitled to the exact amount of $71,437.88.

NSP has not waived the issue of how the interest rate is to be calculated. Both parties agree that this issue was not litigated before the supreme court. Rather, NSP took the position that no prejudgment interest was due. NSP cannot be deemed to have waived an issue that was never reached.

■ The trial court found that the 6 percent interest rate of § 334.01 provided fair and adequate compensation. Section 334.-01 applies to all legal indebtedness, including tort claims, and was appropriately applied here by the trial court. *See L.P. Medical Specialists, Ltd. v. St. Louis County,* 379 N.W.2d 104 (Minn.Ct.App. 1985).

2. Summit Court contends that prejudgment interest should be calculated from the date when each fixed unabatable expense became liquidated or readily ascertainable. The trial court reasoned that by requesting interest from February 15, 1980 in its prior motion and by maintaining that position throughout its appeal to the supreme court, Summit Court had waived any interest which might have accrued prior to February 15, 1980.

■ We agree with the trial court. The date from which Summit Court made its claim for prejudgment interest was clearly set forth in its first motion papers. That date was an integral part of the prior appeal and the issue of whether the loss-of-use damages were liquidated. The supreme court acknowledged that date in its opinion. *Summit Court,* 354 N.W.2d at 15. A motion to amend this claim was not made until after the supreme court decision. Summit court cannot now enlarge the scope of its claim.

### DECISION

The trial court is affirmed.