Gladys DEAR, Relator,

v.

**MINNEAPOLIS FIRE DEPARTMENT
RELIEF ASSOCIATION,**
Respondent.

No. Cl–91–1377.

Court of Appeals of Minnesota.

Feb. 4, 1992.

Review Granted March 26, 1992.

70

Paul S. Jacobsen, Karna A. Berg, Briggs and Morgan, St. Paul, for relator.

Marshall H. Tanick, Mansfield & Tanick, Minneapolis, for respondent.

Considered and decided by FORSBERG, P.J., and CRIPPEN and DAVIES, JJ.

## OPINION

CRIPPEN, Judge.

Relator Gladys Dear sought accumulated pension benefits from the Board of Trustees of the Minneapolis Fire Department Relief Association. She appeals the Board's denial of these benefits, claiming that the Board identified no legal basis for its actions.

## FACTS

In 1947, relator's first husband, a firefighter with the Minneapolis Fire Department, died in an accident while on the job. Soon after his death, relator began receiving survivor's benefits from respondent Minneapolis Fire Department Relief Association. Relator continued to receive benefits until July 24, 1965, when she married her second husband. Under the laws then in effect, relator's benefits automatically terminated upon remarriage. Minn.Stat. § 69.48(2)(a) (1965). Her second husband died in 1971, and the laws then in effect did not contain a provision for a resumption of benefits upon the termination of a remarriage.

In 1975, the Association instituted a change in its bylaws which allowed remarried surviving spouses to resume receiving their survivor's benefits in the event their remarriage terminated.[1] Relator was unaware of the change and did not seek a resumption of her benefits until 1990.

On May 25, 1990, after learning that she might again be eligible for her pension,

---

1. In April 1975, the Minnesota Legislature passed Special Law Chapter 57, applicable only to the Minneapolis Fire Department Relief Association, which provided that if a remarriage terminates for any reason, the surviving spouse shall again be entitled to a pension as the bylaws of the Association provide. This language was approved by the Minneapolis City Council on June 18, 1975, and the provision was incorporated into the Association's bylaws.

Dear contacted the Association to request resumption of her benefits. In July 1990, the Association's Board of Trustees reinstated Dear's survivor's benefits, dating back to her application of May 1990.

In May 1991, Dear made a written request for a formal hearing on the issue of accumulated benefits for the period between 1975 and 1990. After a hearing in July 1991, the Board denied Dear's request for accumulated benefits.

The Board proposes various justifications for the denial of accumulated benefits. First, the Board claims that Dear is not entitled to benefits because such an award would involve an impermissible retroactive application of the 1975 bylaw changes. Second, the Board claims Dear should be prevented from seeking accumulated benefits because she waited 15 years after the change before asking for benefits. Finally, the Board contends that even if Dear is entitled to receive accumulated benefits, she is not entitled to an award of interest.

## ISSUES

1. Did the Board properly conclude that the statutory presumption against retroactive application barred extending benefits to Dear under the amended statute and bylaws?

2. Can the Board raise on appeal issues not found in the record to have been a basis for the Board's decision?

3. Can Dear receive an award for interest on her claim for accumulated benefits?

## ANALYSIS

■ Reviewing the Association's actions is similar to reviewing an administrative agency. *Nichols v. Borst*, 439 N.W.2d 432, 433 (Minn.App.1989). Issues of law are reviewed de novo. *Id.* Claim determinations by the Association can only be reviewed for arbitrariness. *In re Anderson's Application for Disability Benefits*, 468 N.W.2d 338, 340 (Minn.App. 1991). However, pension statutes are liberally construed and applied to carry out their purposes. *Donaldson v. Mankato*

*Policemen's Benefit Ass'n*, 278 N.W.2d 533, 537 (Minn.1979).

1.

■ The Board does not question that relator would be an eligible surviving spouse but for her remarriage in 1965. In addition, both parties agree that when relator's second husband died, she was not entitled to a resumption of her survivor's benefits. The Board contends, however, that because she was no longer eligible for benefits as of 1965 and because her remarriage terminated in 1971, the changes in eligibility enacted in 1975 had no effect on Dear's legal right to a pension. The Board argues that eligibility for benefits was fixed when relator was widowed in 1947 and therefore she is not covered by the 1975 change. According to the Board, their July 1990 decision extending continuing benefits to Dear was an "act of grace." The Board contends that applying the 1975 changes to relator's situation would invoke a retroactive application of the law that was never intended or desirable.

Relator contends that she was among the class benefitted by the 1975 statutory and bylaw changes. She argues that the statute's proper interpretation allows any previously eligible surviving spouse to become eligible for pension reinstatement once the remarriage terminates. This contention has merit.

■ The legislature has created a presumption against giving statutes retroactive effect. Minn.Stat. § 645.21 (1990); *Chapman v. Davis*, 233 Minn. 62, 45 N.W.2d 822 (1951); *see In re Estate of Breole*, 298 Minn. 116, 212 N.W.2d 894 (1973) (court did not allow person to benefit from change in paternity statute regarding inheritance even though person was clearly entitled under new law); *Spurck v. Civil Service Bd.*, 231 Minn. 183, 42 N.W.2d 720 (1950) (if amendment of statute is so extensive as to affect substantive rights, then statute will not be retroactively applied). However, we conclude that the statute must be applied to benefit relator.

■ In determining whether a case is governed by the presumption against retro-

active application of a statute, the court looks for legislative intent. *Brugger v. Brugger,* 303 Minn. 488, 495–96, 229 N.W.2d 131, 136 (1975). The *Brugger* court added:

> There are a number of guidelines in general use by courts which are aids in arriving at the legislative intent. Courts frequently consider the consequences of a proposed interpretation. It is presumed that undesirable consequences are not intended. Another rule is that statutes should be interpreted in favor of a just or fair interpretation and one that would promote and effectuate justice.

*Id.* (footnotes omitted). An award of accumulated benefits to relator is clearly the result intended by the legislature. The statute expressly provided benefits for widows whose remarriages ended. No limitations were stated with regard to when the original eligibility began. We find no other reasonable result than the conclusion that Dear was in the class of persons whom the legislature intended to benefit through the 1975 change.

Equally as important, it is evident here that application of the statute to relator does not actually involve any retroactive effect. The 1975 statute benefits, without limitation, surviving spouses of firefighters. Unlike *Spurck* and *Breole,* the language in this case expressly includes a class of people whose rights had been terminated and thereby resurrects their entitlement. The statute negates the prior divesting of rights and its application to relator does not involve a retroactive effect.

■ The Board asserts that the language of the statute prohibits application of the statute to relator. The relevant language states that

> if her remarriage terminates for any reason, she shall again be entitled to a pension as the bylaws of the association provide.

1975 Minn. Laws ch. 57, § 1(2)(a). The Board contends the verb "terminates" is present tense, indicating exclusive prospective application. We disagree. The statute describes the spouse's circumstance and not a future event in the life of the spouse. We conclude that the statute declares benefits for remarried spouses generally and provides for the resumption of past benefits.

The Association has recognized the application of the law to relator by consistently resuming benefits to other surviving spouses whose remarriages terminated before 1975. We find the Board's attempts to distinguish this claim unconvincing.

Finally, the Board cites three cases to support the notion that relator's rights were permanently fixed under the statute in effect in 1947. *Carroll v. State,* 242 Minn. 70, 64 N.W.2d 166 (1954); *State ex rel. Livingston v. Minneapolis Fire Dep't Relief Ass'n,* 205 Minn. 204, 285 N.W. 479 (1939); *State ex rel. Krake v. Minneapolis Fire Dep't Relief Ass'n,* 205 Minn. 54, 284 N.W. 884 (1939). Reliance on these three cases is unconvincing.

In *Carroll,* the court, addressing the survivor's rights stated:

> Until death occurs, the rights of dependents to compensation are inchoate rights contingent in nature and entirely dependent upon the employee's death as a result of the injury or disease. As long as the rights remain inchoate, they are subject to future legislation. When death occurs, the rights then become fixed, and it is for that reason that the law in effect at that time governs.

*Carroll,* 242 Minn. at 82, 64 N.W.2d at 174 (citations omitted). *Carroll* compares surviving spouse benefit laws existing before and at the time of the death. The holding does not address retroactivity and gives no guidance on a law establishing resumed eligibility after eligibility was terminated. In addition, the Board's reliance on the language contained in *Krake* and *Livingston* is erroneous. These cases only address the threshold question of whether the survivor qualified for survivor's benefits as provided by statute. In each case, the court looked to the law at the time of the firefighter's death (the time when the woman became a widow) to see if the spouse was eligible for benefits. Neither case addressed the later modification of a surviv-

or's benefits once the spouse initially qualified to receive them.[2]

We conclude that the 1975 bylaw and statutory amendments were intended to benefit all previously eligible surviving spouses who were rendered ineligible solely due to a remarriage, regardless of when the surviving spouse originally became eligible for benefits, or when the person remarried, or when the remarriage terminated.

**2.**

The Board argues that either the statute of limitations or an equitable doctrine such as abandonment should prevent an award of accumulated benefits. Relator contends that because the record does not evidence any reliance by the Board on these defenses this court cannot entertain these issues for the first time on this appeal.

It is clear that a passage of time may destroy a pensioner's rights if those rights go unclaimed. *Davis v. Minneapolis Fire Dep't Relief Ass'n,* 137 Minn. 397, 163 N.W. 743 (1917); *see Ryan v. Minneapolis Police Relief Ass'n,* 251 Minn. 250, 255, 88 N.W.2d 17, 21 (1958) (to establish laches, circumstances must show claimant has relinquished or abandoned pension rights). However, an administrative body has an obligation to make findings of fact and this is not a function to be performed by the appellate court in the first instance. *Morey v. School Bd. of Indep. School Dist. No. 492,* 271 Minn. 445, 450, 136 N.W.2d 105, 108 (1965). The court

> must first know what the decision means before we undertake the task of attempting to winnow the wheat from the chaff to find out if the conclusions of the administrative body are without support in the evidence and examine whether its action is right or wrong.

*Id.* Where an issue was not raised in proceedings below, this court need not consider it. *Fassbinder v. Minneapolis Fire Dep't Relief Ass'n,* 254 N.W.2d 363, 366 (Minn.1977).

While the Board arguably raised the issue of retroactivity in the lower tribunal, there is nothing in the record indicating reliance on the statute of limitations as a defense to relator's claim. In fact, there were no explicit findings of fact, only a two page resolution.[3] The sole reason for denial of accumulated benefits which can be gleaned from the resolution is the Board's reference to "terminates," indicating the argument of retroactive application which was discussed above. Because we conclude that the issues of time-barring defenses were not properly raised below and do not appear in the record, relator is not barred by the passage of time between the statute's modification and her claim for benefits.

**3.**

The Board argues that even if relator is entitled to accumulated benefits she may not seek interest because the Association's articles and bylaws do not provide for interest on accumulated benefits. The Board also contends that because Dear did not make a written settlement demand under Minn.Stat. § 549.09 (1990), she is not entitled to interest under the statute.

A plaintiff is entitled to prejudgment interest on a final judgment where the damages claim is liquidated, or if unliquidated, where the damages are readily ascertainable by computation and not dependent upon contingencies or jury discretion. *Summit Court, Inc. v. Northern States Power Co.,* 354 N.W.2d 13, 16 (Minn. 1984); *see Donaldson,* 278 N.W.2d at 537 (interest awarded where surviving spouse received accumulated benefits); *Ryan,* 251 Minn. at 254, 88 N.W.2d at 21 (interest was awarded when police officer received accumulated benefits); *Seeway Port Auth. of Duluth v. Midland Ins. Co.,* 430 N.W.2d

---

**2.** The Association's brief indicates that if the change would have been enacted in 1970, Dear would have been eligible, despite her divestment due to remarriage in 1965. This argument is inconsistent with the Association's position that she should be bound by law in effect at time of first husband's death.

**3.** The record is minimal. There is no transcript of any discussion or debate, and the minutes do not explain the content of the resolutions.

242, 252 (Minn.App.1988) (prejudgment interest statute merely supplements existing case law regarding interest rights). Relator is entitled to interest on the value of the pension units she should have received.

## DECISION

We reverse and remand the Board of Trustees' decision and hold that relator is entitled to accumulated benefits from the date of the Board's amendment of its by-laws in 1975. Because the record is inadequate to enable our determination of the precise amount of relator's claim, we remand for a determination of the value of relator's accumulated benefits and the corresponding interest.

Reversed and remanded.