## STATE EX REL. MARGARET LIVINGSTON v. MINNEAPOLIS FIRE DEPARTMENT RELIEF ASSOCIATION.[1]

April 21, 1939.

No. 32,095.

*G. A. Will,* for appellant.
*M. J. Timmons,* for respondent.

Peterson, Justice.

Relator is the widow of Louis W. Livingston, to whom she was married in 1890. He was a member of the Minneapolis fire department from 1885 to 1913, when he retired on a pension. Relator and her husband lived together as husband and wife continuously from the time of their marriage until a few months after he retired on

[1]Reported in 285 N. W. 479.

pension. They had a family of seven children. In the summer of 1913 Livingston left the home where he and relator resided with their family and shortly thereafter went to Clearwater Lake, Annandale, Wright county, which is only a short distance from Minneapolis. From that time forth he did not contribute to the support of or visit his wife and children, but led a carefree life, fishing, hunting, and doing such things as he liked. Relator and the family took care of themselves. He died on January 10, 1936. Thus it appears that the parties lived together for a little less than 23 years and that they lived apart substantially the same period. The parties herein stipulated that "at the time of his death they [relator and her husband] were not residing together." The respondent's board of trustees denied relator a pension because it was of the opinion that she was not a widow as defined by L. 1933, c. 177, § 24(a), [3 Mason Minn. St. 1938 Supp. § 3750-24(a)] which defines a widow as one who was pensioner's "legally married wife, residing with him, and who was married to him while or prior to the time he was on the payroll of the fire department" and who in the case of a deceased member who was a service pensioner was legally married to him at least three years before his retirement from the fire department.

Relator claims that she is entitled to a pension as the wife who was married to the pensioner during the time he was an active fireman under L. 1913, c. 318, § 2, which was in force at the time Mr. Livingston retired on pension, which provided that the term "widow" "shall mean the wife of a fireman or pensioner who was married to the fireman or pensioner during the time that he was an active fireman," and shall not include a wife who has deserted, or who was not dependent upon, or who was the common-law wife of, such fireman or pensioner. Respondent contends that relator is not entitled to a pension upon the grounds that her right thereto is to be determined by the 1933 law, that such law requires that the wife must have resided with the husband at the time of his death and that relator cannot qualify thereunder since she did not reside with her husband at that time.

The rules by which this case is to be decided were recently announced by us in State ex rel. Krake v. Minneapolis F. D. Relief Assn. 205 Minn. 54, 284 N. W. 884, in which we held that the pension statute conditions the right of a pensioner's widow to a pension, that only those who can qualify under the statute are entitled to, and those who cannot qualify thereunder are excluded from, its benefits; that the wife of a pensioner does not acquire a vested right under any statute relating to firemen's pensions during the husband's life; that the right of the wife to a pension accrues upon the husband's death; and that such right is to be determined by the law in force at that time. Relator did not acquire any vested rights under the 1913 law. We assume for purposes of decision that she would be entitled to a pension if her case were to be determined by that law. It is admitted that she qualifies as to all the conditions prescribed by the 1933 statute except that of residing with her husband at the time of his death. That she was legally married to him more than three years before his retirement on pension is conceded. That she was residing with him at the time of his death is the only matter in dispute, and the facts with respect thereto are settled by the stipulation of the parties that she did not reside with him at that time. The only question then is what effect, if any, does that have on her right to a pension. The history of the statute discloses that there have been numerous definitions of the term "widow." See L. 1913, c. 318; L. 1919, c. 523; L. 1921, c. 216; and L. 1933, c. 177, § 24. Under the 1913 statute, a wife who had not deserted her husband pensioner was entitled to a pension. That definition was abandoned. The 1933 law has adopted a definition which requires that the wife reside with the pensioner at the time of his death. The language of the statute, "that when a service pensioner * * * dies, leaving a widow, who was his legally married wife, residing with him," is plain that the wife must have resided with the fireman pensioner at the time of his death. The change in the statute was adopted as a matter of legislative policy, the wisdom of which it is not for us to determine. The statute should be construed as it reads and effect given to the clear meaning of its language. It is clear that relator cannot qualify as a wife

who resided with the pensioner at the time of his death. Hence she is not entitled to a pension.

Affirmed.

Mr. Justice Hilton, incapacitated by illness, took no part.