## FLORENCE M. BUTLER v. MINNEAPOLIS POLICE RELIEF ASSOCIATION.

166 N. W. (2d) 705.

March 14, 1969—No. 41257.

*Sydney Berde,* for appellant.
*Glenn D. McCarty,* for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from an order granting defendant's motion for involuntary dismissal and the judgment entered pursuant thereto and from an order denying plaintiff's motion for a new trial.

Plaintiff, Florence M. Butler, is the widow of William C. Butler, who had been employed for 31 years by the Minneapolis Police Department at the time of his death on January 14, 1957. On January 21, 1957, plaintiff made written application to defendant association for the widow's pension provided for by L. 1953, c. 127, § 6,[1] and Article X, Sec-

---

[1] L. 1953, c. 127, § 6, provided in part: "The association shall grant pensions or benefits payable from the policemen's pension fund to any member or to any widow or to any child under 18 years of age or any member from the time and for the following purposes:

"When a service pensioner, disability pensioner, or deferred pensioner, or an active member of a relief association dies, leaving

"(1) a widow, who was his legally married wife, residing with him, and

tion 2, of defendant's bylaws.[2] She renewed her request on February 4, 1957. Approximately 2 weeks later defendant, in a letter dated February 14, 1957, denied the application on the grounds that (1) at the time of his death and for some years prior thereto plaintiff and her husband had been "living apart"; (2) he did not contribute to her support; and (3) she was not dependent on him for support. No further action was taken by plaintiff until the present action was commenced on October 27, 1964.

To establish her right to pension benefits, plaintiff must meet and comply with the terms, conditions, and requirements established by L. 1953, c. 127, § 6, and defendant association's articles of incorporation and bylaws as they existed on January 14, 1957, the date her husband died.

"* * * That the law in force when the claim to pension arises governs the right to the pension is settled by Gibbs v. Minneapolis F. D. R. Assn. 125 Minn. 174, 145 N. W. 1075, Ann. Cas. 1915C, 749." State ex rel. Krake v. Minneapolis Fire Dept. Relief Assn. 205 Minn. 54, 55, 284 N. W. 884, 885.

■ In our opinion, plaintiff was not "residing with" her husband at the time of his death.

William Butler and plaintiff were married on August 1, 1928, in Minneapolis. They lived together as man and wife from the time of their marriage until late 1935 or early 1936, when Mr. Butler left the marital residence to live at the home of his mother. In the fall of 1937 plaintiff and Mr. Butler commenced living together again and continued to do so for approximately 12 years until March 1949, when Mr. Butler again removed himself from the home. From March 1949 to the date of his death, Mr. Butler stayed with his mother at 1810 Newton Avenue

who was married while or prior to the time he was on the payroll of the police department; * * *."

[2] "The term 'widow' shall not include the surviving wife who has deserted a police officer or pensioner, or who has not been dependent upon him for support, nor shall it include the surviving common law wife of such police or pensioner."

North, Minneapolis, and plaintiff resided at 4414 17th Avenue South, Minneapolis.

State ex rel. Livingston v. Minneapolis Fire Dept. Relief Assn. 205 Minn. 204, 285 N. W. 479, dealt with a similar problem. In that case Livingston, retired on pension from the Minneapolis Fire Department, died. His surviving wife applied for a pension. She and Livingston had lived together as husband and wife from the time of their marriage until a few months after his retirement—a period of about 23 years. Then, in 1913, Livingston left the marital domicile. He died on January 10, 1936. The parties stipulated that at the time of his death Livingston was not residing with the applicant for the widow's pension. This court there stated (205 Minn. 206, 285 N. W. 480):

"* * * That she was residing with him at the time of his death is the only matter in dispute, and the facts with respect thereto are settled by the stipulation of the parties that she did not reside with him at that time. The only question then is what effect, if any, does that have on her right to a pension. * * * Under the 1913 statute, a wife who had not deserted her husband pensioner was entitled to a pension. That definition was abandoned. The 1933 law has adopted a definition which requires that the wife reside with the pensioner at the time of his death. The language of the statute, 'that when a service pensioner * * * dies, leaving a widow, who was his legally married wife, residing with him,' is plain that the wife must have resided with the fireman pensioner at the time of his death. The change in the statute was adopted as a matter of legislative policy, the wisdom of which it is not for us to determine. The statute should be construed as it reads and effect given to the clear meaning of its language. It is clear that relator cannot qualify as a wife who resided with the pensioner at the time of his death. Hence she is not entitled to a pension."

Plaintiff had not lived with Mr. Butler for more than 7 years 9 months immediately prior to the date of his death. To us, it is clear that plaintiff cannot qualify under any meaning of the statute requiring her to be "residing with" Mr. Butler at the time of his death.

Plaintiff contends that the provisions of the applicable statute and of

Article X, Section 2, of the association's bylaws, which exclude from the definition of "widow" a wife who deserted or was not dependent, manifest an intent that all widows (eligible on the basis of the fact and time of marriage) who did not desert and who were dependent should receive a pension. In our judgment, this is true only if the wife who did not desert and was dependent was "residing with" the pensioner or active association member at the time of his death.

■ Plaintiff's claim is also barred by the 6-year statute of limitations. Minn. St. 541.05.

The statute of limitations commences to run against a cause of action from the time the cause of action accrues or can be commenced. Ganser v. Ganser, 83 Minn. 199, 86 N. W. 18. With respect to a pension, the statute starts running when the claim for the pension is formally rejected. Dillon v. Board of Pension Commrs. 18 Cal. (2d) 427, 116 P. (2d) 37, 136 A. L. R. 800; see, also, Lund v. Minneapolis Fire Dept. Relief Assn. 137 Minn. 395, 163 N. W. 742; 40 Am. Jur., Pensions, § 38; Annotation, 136 A. L. R. 809.

Plaintiff was advised on February 14, 1957, that her application for pension had been denied. At this date, her cause of action accrued and the statute of limitations started running. Plaintiff took no further action to enforce her claim until October 27, 1964. This was an elapsed time of more than 7 years 8 months. Thus, her claim was barred by the statute of limitations.

Affirmed.