[No. 2458-1.    Division One.    March 17, 1975.]

URBAN CONSTRUCTION COMPANY, INC., *Respondent*, v.
SEATTLE URBAN LEAGUE, *Appellant.*

*Halverson, Strong & Moen* and *Sidney J. Strong*, for appellant.

*Davis, Wright, Todd, Riese & Jones* and *Richard A. Derham*, for respondent.

FARRIS, J.—In 1968, the Seattle Urban League supervised a program for the rehabilitation of delapidated single-family residences and qualified for a government subsidy on the project under the National Housing Act, 12 U.S.C. § 1715 1 (h) (1970). The subsidy allocated for the first set of houses was $23,897. Urban Construction Company was awarded the contract on the work; it bid $23,897, $2,000 less than its original bid, after learning the amount of the subsidy. The president of Urban Construction is an officer of the League.

Urban Construction completed the job and was paid the contract price on May 7, 1968. On September 28, 1972,

Urban Construction was assessed for unpaid sales tax on the contract price following an audit by the Department of Revenue. The tax was paid by Urban Construction which made a formal demand for indemnity upon the League. The contract is silent as to the payment of sales tax. The League refused to indemnify and Urban Construction initiated this action.

Prior to trial the League moved to dismiss the action on the ground that it was barred by the statute of limitations; Urban Construction moved for summary judgment. The trial court denied the League's motion and granted Urban Construction's.

Three issues are raised on appeal. First, is the League responsible for the sales tax as a matter of law; second, was the action barred by the statute of limitations, and, third, if the action is not barred by the statute of limitations, is laches available as an affirmative defense?

A contract silent as to sales tax responsibility is not ambiguous. As a matter of law, the buyer must pay the tax. RCW 82.08.050; *see also* RCW 82.08.120. The trial court was correct in ruling that the League is responsible for the tax.

The statute of limitations begins to run on a cause of action arising from the debtor-creditor relationship created by RCW 82.08.050 from the date the sales tax should have been paid. *See Jones v. Jacobson*, 45 Wn.2d 265, 273 P.2d 979 (1954); *Gronvold v. Whaley*, 39 Wn.2d 710, 237 P.2d 1026 (1951). Here the statute runs from May 7, 1968, the date the contract price was paid. Urban Construction argues that it was not advised to pay the sales tax until assessed by the Department of Revenue and therefore the statute of limitations runs from that date. We disagree.

"Statutes of limitation commence to run against a cause of action from the time it accrues, or from the time when the holder thereof has the right to apply to the court for relief, and to commence proceedings to enforce his rights. . . . [1 *Wood on Limitations* § 122a, at 684 (4th ed.).]

*Young v. Seattle*, 30 Wn.2d 357, 361, 191 P.2d 273, 3

A.L.R.2d 704 (1948); *Jones v. Jacobson, supra* at 269. The cause of action here accrued when the obligation to pay the tax arose, *i.e.*, when the contract price was paid. Lack of knowledge of the obligation on the part of Urban Construction, if proved, is of no legal significance. Urban Construction is charged with knowledge of the statutory obligation. Urban Construction did not file suit until January 11, 1973. Thus, the question becomes which statute of limitations is applicable.

Urban Construction argues that RCW 4.16.040, the 6-year statute of limitations, applies because the liability for the sales tax arises out of the contract. The League argues that the liability arises out of a statute and asserts the applicability of RCW 4.16.080(3), the 3-year statute. The two statutes define the limitation periods for actions upon a contract and liability arising therefrom; the former applies to contracts in writing, the latter to contracts not in writing.

Neither statute is applicable here. RCW 4.16.080(3) applies only to contractual liability and not to liability created by statute. *See State ex rel. Bond v. State*, 59 Wn.2d 493, 368 P.2d 676 (1962); *Cannon v. Miller*, 22 Wn.2d 227, 155 P.2d 500 (1945).[1] The material difference between the 3- and 6-year statutes is whether the contract is in writing. Cases interpreting RCW 4.16.080(3) are therefore significant in interpreting RCW 4.16.040 when the issue is whether the liability is contractual or statutory. *See Edwards v. Surety Fin. Co.*, 176 Wash. 534, 30 P.2d 225 (1934).

In *Cannon v. Miller, supra*, the plaintiff brought suit in

---

[1]*See also Noble v. Martin*, 191 Wash. 39, 70 P.2d 1064 (1937); *Constable v. Duke*, 144 Wash. 263, 257 P. 637 (1927). *But see Pierce County v. Newman*, 26 Wn.2d 63, 173 P.2d 127 (1946) and *Bicknell v. Garrett*, 1 Wn.2d 564, 96 P.2d 592, 126 A.L.R. 258 (1939), which are inconsistent with *Cannon v. Miller, supra*, and supporting cases in that they hold the 3-year statute applicable when the liability sued upon is created by statute. Even if we were to follow those decisions, the 3-year statute of limitations would bar Urban Construction's action. The result here would be the same.

assumpsit to recover unpaid wages and overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206, 207 (1970). The plaintiff was an employee of the defendant pursuant to an oral agreement. The employer, Miller, alleged that Cannon's recovery for breach of the statutory duty to pay overtime was limited to that amount which accrued during the 2 years prior to the commencement of suit. He argued that liability arose as a result of the statute and not the contract and was therefore controlled by RCW 4.16.130, the 2-year catchall statute, while the employee argued the applicability of RCW 4.16.080 (3). The court held that liability is created by statute when it would not exist but for the statute and applied the 2-year statute.

> [E]xcept for the Federal act, respondents would have no cause of action for such returns. In other words, the statute, rather than a contract whether express or implied in fact, is the foundation upon which respondents' actions must rest. In this instance, the statute alone created the obligation, and the law imposes upon it a fictitious promise to pay, in order that the contractual remedy of *assumpsit* may be made applicable thereto.

*Cannon v. Miller, supra* at 242.[2] *Accord, Lybecker v. United Pac. Ins. Co.,* 67 Wn.2d 11, 406 P.2d 945 (1965).

■ The state sales tax statute is the sole basis of the obligation for which Urban Construction seeks recovery. Because no other statute of limitations applies, RCW 4.16.130, the 2-year catchall limitation period, is applicable. Urban Construction's cause of action is therefore barred by the statute of limitations; the trial court erred in denying the League's motion to dismiss.

---

[2] *See also Oregon-Wash. R.R. & Nav. Co. v. Seattle Grain Co.,* 106 Wash. 1, 178 P. 648 (1919), where a cause of action to recover shipping charges was held to be an action on a written contract, not a statute, when the statute only fixed the rate to be charged while the contract created the liability.

We do not reach the question of whether laches is an affirmative defense to the action.

Reversed.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied August 13, 1975.

Review denied by Supreme Court October 7, 1975.