**In the Matter of the Petition of HAL-BERG CONSTRUCTION & SUPPLY, INC., d.b.a. Kirscher Bulk Transport, Box 529, Virginia, MN 55792, for Clarification of the Geographic Scope of its Irregular Route Common Carrier Permit Authority issued July 7, 1971 in PSC Docket IRCC No. 27957-0713 BT.**

No. C2-85-2075.

Court of Appeals of Minnesota.

April 22, 1986.

Review Denied June 19, 1986.

Robert F. Berger, The Trenti Law Firm, Virginia, for relator.

Hubert H. Humphrey, III, Atty. Gen., Craig R. Anderson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by POPO-VICH, C.J., and FORSBERG and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order of respondent Minnesota Transportation Regulation Board denying relator's petition for clarification of an irregular route common carrier permit. Relator contends the Board's failure to apply equitable estoppel was an error of law. We reverse and remand.

## FACTS

Relator Halberg Construction & Supply, Inc. obtained IRCC Permit No. 27957 in 1971 when it purchased Kirscher Bulk Transport. Kirscher originally held a state-wide permit to transport general commodities. The Public Service Commission notified Kirscher Transport, the seller, that, subsequent to transfer, the permit would be limited to: .

heavy equipment, steel, lumber, building materials, cement, salt, scaffolding, lime, coal, bentonite and silica sand, in truck load lots from points in St. Louis, Koochiching, Itasca, Carlton, Cass, Cook, and Lake Counties to other points in the state and from other points in the state to points in said Counties; also, between points in said Counties.

Relator, as purchaser, never received a copy of the order limiting the geographic scope of the transferred permit and was not informed of the limited permit. Its purchase price was based on state-wide authority.

Relator has operated as a state-wide carrier of heavy equipment since 1971 and owns a variety of specialized equipment used to haul overweight and oversize loads. A decline in economic conditions on the Iron Range forced relator to expand its operations elsewhere. By 1984, relator did 35 to 40 percent of its business outside the northeastern seven county area.

The Department of Transportation (Department) audited relator ten or eleven times in the period from 1971 to 1984. During the same period, the Department also issued numerous special permits to relator for hauling oversize or overweight loads. Each permit application showed the origin and destination outside the authorized geographic area. Relator's trucks were frequently stopped at the Department's weigh stations. Freight bills, log books, and special permit applications indicated relator was operating beyond its geographic authority but the Department took no action.

At oral argument, the court was informed that during the same period of time, relator appeared as a protestant in numerous hearings where others sought geographic authority. Relator always indicated its state-wide authority. Without such authority, relator faces bankruptcy.

Then in 1984, relator was cited for operating outside its permit authority and geographic area. Relator, following a suggestion by the Transportation Regulation Board, filed a "petition for clarification of the geographic scope" of its permit. The Board prepared and published notice of relator's petition. The Department intervened, and the matter was heard as a contested case by the Office of Administrative Hearings.

The Administrative Law Judge (ALJ) found relator never received the Commission's 1971 order limiting the permit and did not learn of the geographic limitations from any other source. The ALJ also found that documents available to the Department indicated relator exceeded the scope of its permit but the Department was "silent" about relator's operations. The ALJ concluded that: (1) in 1971 the Commission could only transfer the limited permit relator had actually received; (2) the Board could not later expand the scope of the permit based on a showing that relator's operations had exceeded the scope of its permit; (3) the Department was not estopped from asserting relator was operating in violation of its permit; and (4) the notice of relator's petition was insufficient

to notify other interested parties it sought state-wide authority.

The ALJ recommended relator's petition be denied. By order of October 16, 1985 the Board adopted the ALJ's report and denied relator's petition.

### ISSUE

Whether the Board's failure to apply equitable estoppel was an error of law?

### ANALYSIS

■ 1. The standard for review of administrative agency decisions is governed by the Minnesota Administrative Procedure Act, Minn.Stat. ch. 14 (1984), which provides:

> In a judicial review under sections 14.-63 to 14.68, the court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:
>
> \* \* \* \* \* \*
>
> (d) Affected by other error of law \* \*.

*Id.* § 14.69. A reviewing court gives no deference to an agency's decision on a question of law. *Beaty v. Minnesota Board of Teaching,* 354 N.W.2d 466, 470 (Minn.Ct.App.1984) (citing *Ekstedt v. Village of New Hope,* 292 Minn. 152, 164, 193 N.W.2d 821, 829 (1972)).

2. We must determine whether the Board's failure to apply the doctrine of equitable estoppel was an error of law. In *Brown v. Minnesota Department of Public Welfare,* 368 N.W.2d 906 (Minn.1985), the Minnesota Supreme Court described estoppel as:

> an equitable doctrine addressed to the discretion of the court and \* \* \* intended to prevent a party from taking unconscionable advantage of his own wrong by asserting his strict legal rights. To establish a claim of estoppel, plaintiff must prove that defend-

ant made representations or inducements, upon which plaintiff reasonably relied, and that plaintiff will be harmed if the claim of estoppel is not allowed. *Northern Petrochemical Co. v. United States Fire Insurance Co.,* 277 N.W.2d 408, 410 (Minn.1979). The government may be estopped if justice requires, but this court has said that it does not "envision that estoppel will be freely applied against the government." To estop a government agency, some element of fault or wrongful conduct must be shown. A plaintiff seeking to estop a government agency has a heavy burden of proof. When deciding whether estoppel will be applied against the government, the court will weigh the public interest frustrated by the estoppel against the equities of the case.

*Id.* at 910 (citations omitted).

In *Beaty,* a teacher sought to estop the Minnesota Board of Teaching from denying her application for licensure as a school psychologist. 354 N.W.2d at 471. She had relied on representations by the Board and the Department of Education as to the educational requirements for the license and expended "a great deal of time and money" completing the requirements. *Id.* This court held the Board of Teaching erred in not applying equitable estoppel because:

> [a]pplying estoppel against the government in this case will not frustrate any legitimate public purpose, while failing to apply it will result in great hardship to appellant. Justice demands the Board be estopped from not ordering the Department to grant appellant's application for licensure.

*Id.*

3. In this matter, relator never received notice of the geographic limitations on its permit upon transfer. Apparently the Public Service Commission only sent such notice to the former permit holder, Kirscher Transport. Because of this oversight, relator reasonably believed it had authority to operate as a statewide carrier and did so from 1971 on. Relator purchased special-

ized equipment to service customers throughout Minnesota and in neighboring states.

■ Relator's reliance was fostered by the Department's silence. The Department has authority to investigate a carrier's operations and monitor compliance with permit restrictions. Here the Department conducted numerous document audits that indicated relator was operating statewide. The Department also issued special permits that enabled relator to haul oversize and overweight loads in violation of its permit's geographic limits. Relator was able to operate state-wide from 1971 to 1984 and expand its business in part because it had no indication from any state agency that it had anything less than state-wide authority.

While we recognize the public has an interest in a well-regulated shipping industry, we do not believe that interest is frustrated by our application of estoppel in this case. This matter is not similar to a new carrier seeking a permit or an existing carrier expanding into new markets. *See* Minn.Stat. § 221.121 (1984). Here other carriers, customers, and the public are already accustomed to relator's operations.

On the other hand, relator will be irreparably harmed if its business is restricted to just seven counties. Relator derives a substantial portion of its revenues from customers outside that area. Relator has made a considerable investment in specialized equipment in order to serve those customers. On balance, the equities of this case weigh in relator's favor.

4. The Board argues it lacks jurisdiction to confer state-wide authority by way of a "petition for clarification" and the publish-

ed notice of relator's petition was insufficient. The Board would have relator file a second petition and request an extension of its permit. But the Board encouraged relator to style its petition as one for "clarification" and the Board drafted and published the notice of that petition. The Board should not now be heard to complain that relator's petition is somehow inadequate, nor were other competing carriers misled.[1]

## DECISION

The Transportation Regulation Board's decision not to apply equitable estoppel to relator's petition for clarification of the geographic scope of its irregular route common carrier permit was an error of law. We reverse and order the Transportation Regulation Board to issue a permit clarifying relator's authority to enable relator to transport the commodities listed in its existing permit on a state-wide basis, as it has since 1971.

Reversed and remanded.

1. One month after oral argument and submission, respondent Board wrote this court, claiming the Board was not properly served with the writ of certiorari. We refuse to consider this issue because: (1) any request for relief from this court must be "made by serving and filing a written *motion*," rather than a mere letter "raising" an issue, with the appropriate number of copies filed with the clerk of the appellate courts and with proof of service upon opposing counsel, Minn.R.Civ.App.P. 127; (2) respon-

dent's letter improperly includes allegations and no supporting affidavit; (3) this matter was conferred following oral argument on March 18; (4) respondent's untimely challenge of a case filed more than five months ago is inappropriate; and (5) the supreme court recently, by an order remanding, reversed the discharge of certiorari which had not been served upon the specific board whose decision was to be reviewed. *Keefe v. Cargill, Inc.,* No. C4–85–2160 (Minn. Mar. 27, 1985).