**Clifford RYAN, Appellant,**

v.

**ITT LIFE INSURANCE CORPORATION,
Respondent.**

No. C3–88–1757.

Court of Appeals of Minnesota.

Feb. 7, 1989.

Review Granted April 24, 1989.

Paul Widick, St. Cloud, for appellant.

John D. Hanson, Donohue, Rajkowski, Hansmeier, Grunke & Jovanovich, Ltd., St. Cloud, for respondent.

Considered and decided by RANDALL, P.J., and FOLEY and SCHUMACHER, JJ., without oral argument.

## OPINION

SCHUMACHER, Judge.

Appellant argues the trial court erred when it determined that his claim was barred by the six-year statute of limitations pursuant to Minn.Stat. § 541.05(1) and requests a de novo review of the issues of whether the contractual three-year period of limitation contained in the insurance contract bars his claim or whether his claim is barred by other conditions in the insurance contract. These latter issues were not addressed by the trial court.

## FACTS

On February 7, 1980, appellant, Clifford Ryan was injured when a wagon pinned him against the back of a tractor. Appellant was working at Greenline Farms at the time and was the named insured on a disability insurance policy provided to him by his employer. Appellant sustained an injury to his stomach which necessitated an operation and was described as being an abdominal wall tear. He was paid disability benefits pursuant to the policy which was issued by respondent ITT Life Insurance Corporation (ITT).

Appellant returned to work at Greenline Farms on April 21, 1980, at which time the disability benefits terminated. He continued to work until June 13, 1980, when he was laid off. The insurance contract between appellant and ITT Life Insurance terminated on August 1, 1980.

Appellant's claim in the present case is that he also sustained a back injury in the accident of February 7, 1980. At the time he commenced legal action, he claimed his back injury was permanent in nature. Appellant does admit that he was aware of his back problems in 1980.

Appellant sued ITT on February 18, 1987, alleging breach of the insurance contract. ITT moved for summary judgment. The trial court granted summary judgment, holding that a lawsuit had not been commenced within the six-year period prescribed by Minn.Stat. § 541.05(1) (1986).

## ISSUE

Did the trial court err in finding appellant's claim was barred by the six-year statute of limitations pursuant to Minn. Stat. § 541.05(1).

## ANALYSIS

On appeal from a summary judgment, this court's standard of review is limited to determining whether there are genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The issue in this case is whether the trial court erred in its application of law.

Minn.Stat. § 541.05(1) (1986) provides that legal actions shall be commenced within six years.

On a contract or other obligations, express or implied, as to which no other limitations are expressly prescribed * * *.

The trial court concluded that Ryan was aware of his potential claim for additional benefits as early as the summer of 1980, and the statute of limitations on the disability claim began to run at that time.

Minnesota courts have indicated "that a statute of limitations begins to run from the time an action can be commenced." *Leisure Dynamics v. Falstaff Brewing Corp.*, 298 N.W.2d 33, 37 (Minn.1980). Pursuant to the ITT insurance policy, a legal action could not be brought until after a claim was made. The Legal Actions provision of Ryan's ITT insurance policy states:

No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirement of this policy.

The trial court found that "no notice of injury or claim for loss was made to defendant until this action was commenced in February of 1987." Since no legal action can be commenced until sixty days after a written proof of loss has been furnished, and since no proof of loss was furnished to ITT, the six-year statute of limitations cannot begin to run until such time.

## DECISION

We reverse the trial court's decision. Ryan's claim is not barred by Minn.Stat. § 541.05(1). We remand for findings on 1) whether the contractual three-year period of limitation contained in the insurance contract bars appellant's claim and 2) whether appellant's claim is barred by other provisions in the insurance contract.

**REVERSED AND REMANDED.**