Richard J. AXELSON, Relator,

v.

MINNEAPOLIS TEACHERS' RETIRE-
MENT FUND ASSOCIATION, a Minne-
sota Non–Profit Corporation, and Karen
Kilberg, Executive Director of Minne-
apolis Teachers' Retirement Fund Asso-
ciation, Respondents.

No. C8–94–2153.

Court of Appeals of Minnesota.

June 6, 1995.

Roger A. Peterson, Therese M. Dosch, Peterson, Engberg & Peterson, Minneapolis, for relator.

Robert D. Butterbrodt, St. Paul, for respondents.

Considered and decided by SCHUMACHER, P.J., and PARKER and FOLEY,* JJ.

## OPINION

SCHUMACHER, Judge.

By writ of certiorari, Richard J. Axelson challenges the Minneapolis Teachers Retirement Fund Association Board of Trustees's denial of his request to purchase two years of retirement service credits for the time he spent in the Peace Corps. We reverse.

## FACTS

From September 1959 until his retirement in June 1994, Axelson taught in the Minneapolis Public School District (District). Axelson became a member of respondent Minneapolis Teachers Retirement Fund Association (MTRFA) in 1959 and continued his membership until his retirement.

In July 1966, Axelson requested a leave of absence to become a volunteer in the Peace Corps. The Board of Education granted his request. From 1966 until 1968, he taught English to teenagers and adults in Brazil. During this time, neither he nor the District contributed to his pension fund.

In March 1974, Axelson asked the Board of Trustees of MTRFA (Board) whether he could purchase retirement service credits for the years he served as a Peace Corps volunteer. The Board replied, "Credit for Leaves of this type is allowed under certain circumstances, but must be approved by the Board of Trustees." By letter, the Board informed Axelson that they approved his request and he needed to pay $2,870.36 on or before December 31, 1974. If payment was not received by that date, an additional amount would be due for interest.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

Axelson telephoned the Board and asked if he had to pay by December 31, 1974 in order to obtain credit. The Board replied,

> please be advised that you need not make payment by December 31, 1974 in order to obtain credit. * * * However, the amount which would have been due * * * would [be] increased by interest and this would become $2,999.52 if paid on or before December 31, 1975.

> If you are unable to make this payment by December 31, 1975, we will recompute interest and inform you of the correct amount due at a later date.

Because he had other financial obligations, Axelson did not purchase the credits at that time.

In 1990, Axelson advised the Board that he wanted to purchase the credits. This time the Board informed Axelson,

> our laws do NOT have any provision which would allow you to make payment and obtain teaching service credit for this time.

Axelson did not act again until 1993. He wrote to the Board and requested a current calculation of the amount required to purchase the two years credit. The Board reminded Axelson of its 1990 decision and stated,

> the laws governing the MTRFA do not contain any provision which would allow you to make payment and obtain service credit for the period of this leave.

The Board held a meeting during which Axelson expressed his grievances and the Board voiced its concerns. In a letter dated August 24, 1994, the Board reiterated its position. Axelson appeals.

### ISSUE

Under the doctrine of promissory estoppel, is MTRFA estopped from denying Axelson the ability to purchase two years of retirement service credit for the years he was in the Peace Corps?

### ANALYSIS

Axelson obtained a writ of certiorari for review of the Board's decision pursuant to Minn.Stat. § 606.01 (1994). Review of such quasi-judicial decisions is vested with this court under Minn.Stat. § 480A.06, subd. 3 (1994). *See Nichols v. Borst,* 439 N.W.2d 432, 434 (Minn.App.1989) (review of quasi-judicial decisions rendered by Bloomington Fire Department Relief Association vested with court of appeals). A quasi-judicial decision of a non-statewide agency or like institution will be reversed if it failed to act within its jurisdictional bounds or if the decision is fraudulent, unreasonable, arbitrary, not supported by the evidence or based on a legal error.[1] *See Dokmo v. Independent Sch. Dist. No. 11,* 459 N.W.2d 671, 675 (Minn.1990) (applying this standard of review to school board decision). Deference is given to an agency decision, especially where the agency's expertise or special knowledge is involved. *Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 824 (Minn.1977). On questions of statutory interpretation, however, this court is not bound by the agency's decision. *Arvig Tel. Co. v. Northwestern Bell Tel. Co.,* 270 N.W.2d 111, 114 (Minn.1978).

Axelson claims that under the doctrine of promissory estoppel MTRFA must allow him to purchase two years of retirement service credits. We agree.

The protectable right of a public employee to an offered pension is determined by applying the doctrine of promissory estoppel. *Christensen v. Minneapolis Mun. Employees Retirement Bd.,* 331 N.W.2d 740, 747 (Minn.1983). The doctrine of promissory estoppel implies a contract where the promisor makes a unilateral, or otherwise unenforceable, promise and the promisee relies on the promise to his or her detriment. *Minneapolis Teachers Retirement Fund Ass'n v. State,* 490 N.W.2d 124, 128 (Minn.App.1992),

---

1. Axelson contends that the scope of review is dictated by Minn.Stat. § 14.69 (1994). We disagree. The Minnesota Administrative Procedure Act (MAPA) does not apply because the MTRFA does not have statewide jurisdiction. *See* Minn. Stat. § 14.02 (1994) (defining agency as having statewide jurisdiction); *State by Archabal v. County of Hennepin,* 495 N.W.2d 416, 420 (Minn. 1993) (MAPA only applies to agencies boards and the like having statewide jurisdiction). Moreover, a contested case hearing was not conducted. *See* Minn.Stat. § 14.69 (referring to Minn. Stat. § 14.63 (1994) which provides for judicial review of final decisions in contested cases).

*pet. for rev. denied* (Minn. Oct. 28, 1992). The doctrine applies when (1) a promise has been made; (2) which the promisor should have reasonably expected to induce action or forbearance by the promisee; (3) which in fact induced such action or forbearance; and (4) the circumstances require enforcement of the promise to avoid injustice. *Grouse v. Group Health Plan, Inc.,* 306 N.W.2d 114, 116 (Minn.1981). When promissory estoppel is enforced against the government, two factors should be kept in mind: (1) what the state has promised; and (2) to what degree the employee has reasonably relied on the promise. *Minneapolis Teachers,* 490 N.W.2d at 128.

■ The first question is: was there a binding promise made by the MTRFA? Estoppel may be applied only when the official acts with authority. *Kelley v. Tracy Fire Dep't Relief Ass'n,* 390 N.W.2d 394, 399 (Minn.App.1986).

Here, the Board told Axelson that his request to purchase the credits was approved and that he could purchase the credits at a later date. On appeal, MTRFA argues that this promise was unlawful. We disagree.

> The trustees or directors of each teachers retirement fund association shall administer each fund in accordance with the applicable portions of this chapter, of the articles of incorporation, of the bylaws, and of chapters 356 and 356A.

Minn.Stat. § 354A.021, subd. 6 (1994). Under Minn.Stat. § 356A.04, subd. 1 (1994), a fiduciary duty is owed to members of the plan, taxpayers who help finance the plan, and the state of Minnesota. The activities of the fiduciaries must be carried out consistently with the law and the plan document. Minn.Stat. § 356A.05(b) (1994). These activities include the determination of, eligibility for, and amount and duration of benefits. Minn.Stat. § 356A.02, subd. 2 (1994). There is no statutory provision which expressly provides for the purchase of retirement service credits for time spent in the Peace Corps, nor is there any provision prohibiting the offering of such credits.

■ At the time of Axelson's request in 1974, MTRFA's articles of incorporation included four instances where MTRFA members were allowed to purchase retirement credit: when a teacher (1) took an elective position, (2) was an exchange teacher, (3) was employed by a teachers organization, or (4) was involved in advance study or "when such leave is granted to accept employment involving teaching * * * provided that the employer be a non-profit organization." Pensions are remedial in nature and are to be construed broadly. *Mattson v. Flynn,* 216 Minn. 354, 361, 13 N.W.2d 11, 15 (1944). In 1974, the Board may have construed these terms broadly to conclude that Axelson's work in the Peace Corps was akin to being an exchange teacher or to teaching for a non-profit organization and thus granted the request. *See Resident v. Noot,* 305 N.W.2d 311, 312 (Minn.1981). (revewing court should defer to agency's interpretation of own rules when language is ambiguous or technical). MTRFA argues that even if the Board's authority can be found in the articles of incorporation, it has no retroactive effect.

■ MTRFA's assertion is without merit; the law in effect at the time the pension claim arises governs the pension right. *Butler v. Minneapolis Police Relief Ass'n,* 283 Minn. 70, 72, 166 N.W.2d 705, 706 (1969); *accord Kelley,* 390 N.W.2d at 396. In any event, Minnesota statutes and the MTRFA's articles of incorporation did not forbid the Board's earlier actions, and the Board cannot now say they do. *See Law Enforcement Labor Servs., Inc. v. County of Mower,* 483 N.W.2d 696, 701 (Minn.1992) (county estopped from denying collective bargaining agreement provided for payment of insurance premiums by county, even though agreement had no such express provision, where county advised retiree in writing that it would pay premiums). The Board did not exceed its authority by granting Axelson's request to purchase the credits and by permitting Axelson to make future payment for the credits.

Our next inquiry is whether the Board reasonably expected to induce Axelson to act or forbear and whether Axelson did in fact engage in such action or forbearance. When the Board told Axelson that if he could not pay by December 31, 1975, "we will recom-

pute interest and inform you of the correct amount due at a later date," it is reasonable to expect that Axelson would forbear purchasing the credits in 1975 and would opt to buy them at a later date. Axelson did in fact forgo buying the credits in 1975 and waited until 1990.[2]

We further conclude that the circumstances require enforcement of MTRFA's promise to avoid an injustice. *See Law Enforcement*, 483 N.W.2d at 701 (where county advised retirees that it would pay insurance premiums and made such payments, county estopped from denying retirees of their legitimate expectations). According to Axelson's undisputed figures, he currently receives $2,960.28 per month; however, with the credits, he would receive $3,139.66 per month—a difference of approximately $179.38 per month.

MTRFA questions the application of estoppel against the government, contending that a claimant must prove an element of fault or wrongful conduct on the part of the government, and that the court must weigh the public's frustration by the estoppel against the equities. We conclude that MTRFA's concerns do not apply to this case. The cases cited by MTRFA for these propositions deal with the application of *equitable* estoppel against the government, not promissory estoppel.[3] Moreover, the cited cases do not deal with pensions and thus were not decided using the overarching principles that pensions are remedial in nature and that pension statutes should be construed liberally. *See Mattson*, 216 Minn. at 361, 13 N.W.2d at 15. Thus, we conclude that Axelson is entitled to purchase retirement service credits for his years of service in the Peace Corps.

## DECISION

The Board of MTRFA committed an error of law by failing to apply the doctrine of promissory estoppel to estop MTRFA from denying Axelson the right to purchase retirement service credits for the years he was in the Peace Corps.

**Reversed.**

---

2. MTRFA has not raised the issues of laches.

3. *Brown v. Minnesota Dep't of Pub. Welfare*, 368 N.W.2d 906 (Minn.1985); *Mesaba Aviation Div. v. County of Itasca*, 258 N.W.2d 877 (Minn.1977); *Saaf v. Duluth Police Pension Relief Ass'n*, 240 Minn. 60, 59 N.W.2d 883 (1953); *Board of Educ. v. Sand*, 227 Minn. 202, 34 N.W.2d 689 (1948); *Village of Newport v. Taylor*, 225 Minn. 299, 30 N.W.2d 588 (1948); *Alexander Co. v. City of Owatonna*, 222 Minn. 312, 24 N.W.2d 244 (1946), *rev'd on other grounds, Johnson v. City of Plymouth*, 263 N.W.2d 603, 608 (Minn.1978); *Petition of Halberg Constr. & Supply*, 385 N.W.2d 381 (Minn.App.1986), *pet. for rev. denied* (Minn. June 19, 1986); *Beaty v. Minnesota Bd. of Teaching*, 354 N.W.2d 466 (Minn.App.1984).